**Joseph M. RUSSELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7435.**

District of Columbia Court of Appeals.

Submitted July 15, 1975.

Decided Nov. 25, 1975.

David C. Niblack, Washington, D.C., for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson, James A. Fitzgerald, Michael A. Pace, and Michael H. Gertner, Asst. U. S. Attys., for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a conviction in a jury trial of robbery in violation of D.C. Code 1973, § 22–2901. On appeal, appellant, relying on *Crawley v. United States,* D.C.App., 320 A.2d 309 (1974), *rehearing en banc denied,* 325 A.2d 608 (1974), contends that the evidence was insufficient for conviction. In analyzing the facts of this case and the facts in *Crawley,* we conclude they are totally different. On an application of the traditional standard for review of evidentiary sufficiency, we affirm appellant's conviction.

On the evening of August 19, 1972, a man approached the victim's car and ordered her to turn off the ignition and to give him the keys and her wallet. The assailant took some of the victim's property including money, then ordered her from the car. The robbery took place under a street light, and the victim was twice able to closely observe the assailant as he leaned into the car. The victim reported the robbery to the police and described the assailant and his attire in detail. Two days later the victim identified appellant from the third array of photographs that were shown to her by the police. One month later she identified appellant in a lineup. She also identified him at trial and testified as to her pretrial description of the assailant, and her photographic and lineup identifications. A detective testified as to the circumstances surrounding the photographic identification and another policeman testified concerning the lineup identification.

In *Crawley* a man saw the back of another man absconding with his television set. He then went onto the patio where, from a distance of approximately 17 feet, he observed the burglar and his accomplice for about 60 to 90 seconds as they ran across a well-lit parking lot. During this time, one of the burglars turned toward him and admonished him not to come any closer or try to follow, and he complied. The complainant described the burglars to the police as to their race, height, age, weight, and clothing. Crawley was stopped by the police even though he did not fit the description in any way except for the fact that he was a black man wearing the same color pants as one of the burglars. Crawley was heavier, older, and seven inches taller than the one described. In addition, he was wearing a black shirt

and a denim jacket, whereas the burglar was described as wearing a white shirt. Crawley was taken to the complainant, who identified him as the man he had seen carrying his television set. Neither a lineup nor a photographic array was conducted after this on-scene identification. At trial six months later the complainant was unable to make an incourt identification of Crawley. Except for the on-scene identification, no other evidence connecting Crawley to the crime was adduced. Although the complainant testified that the identification was based upon his recognition of Crawley's face, he was unable to remember any particular facial characteristics. This court held that under the "general test for directing a judgment of acquittal" (*id.,* 320 A.2d at 311) there was insufficient evidence to sustain the conviction. The sole issue was "whether the circumstances surrounding the identification could be found convincing beyond a reasonable doubt." *Id.*

■ On the facts of this case, we hold that reasonable people could find from the evidence guilt beyond a reasonable doubt, and therefore the conviction must be affirmed. To the extent that appellant argues that the standard for appellate review of evidentiary sufficiency has been changed by *Crawley* for one-witness identification cases, he misreads that opinion for it applied the traditional test.[1] Moreover, the *Crawley* opinion could not and did not purport to change the fundamental standard of appellate review established in *Crawford v. United States,* 126 U.S.App.D.C. 156, 375 F.2d 332 (1967), and *Curley v. United States,* 81 U.S.App. D.C. 389, 160 F.2d 229, *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). *See M.A.P. v. Ryan,* D.C.App., 285 A.2d 310 (1971). Indeed, this conclu-

1. That opinion included language applicable to the test for suppression of identification testimony—"irreparable misidentification". This phrase was descriptive of the court's conclusion that the evidence did not support the conviction and that the trial judge should

have exercised his responsibility under criteria applicable to trial judges, not to reviewing courts. *See United States v. Levi,* 405 F.2d 380, 383 (4th Cir. 1968), quoted in *Crawley v. United States, supra,* 320 A.2d at 311–12.

sion is amply warranted by virtue of the fact that this court has recently affirmed a conviction on the *Curley-Crawford* standard in a one-witness case without applying the irreparable misidentification language used in *Crawley*. *Smith v. United States*, D.C.App., 343 A.2d 40, 42 (1975). It must be remembered that our review of evidentiary sufficiency is controlled by D.C.Code 1973, § 17–305 ("plainly wrong or without evidence to support it"), and the *Curley-Crawford* standard is consistent with that mandate.

Accordingly, appellant's conviction is

*Affirmed.*