STATE of South Dakota, Plaintiff
and Respondent,

v.

Jeffrey Clark BULLIS, Defendant
and Appellant.

No. 12024.

Supreme Court of South Dakota.

Submitted on Briefs April 29, 1977.

Decided June 22, 1977.

Peter H. Lieberman, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Randolph F. Stiles of Hanson, Kaye, Stiles & Kelly, Mitchell, for defendant and appellant.

DUNN, Chief Justice.

This is an appeal from a jury conviction of third degree burglary in the Fourth Judicial Circuit. Defendant contends that the trial court erred (1) in not directing a verdict of acquittal or in not granting him a new trial because a one-man showup tainted the objectivity of the state's witnesses, and (2) in allowing the jury to view the getaway automobile without the supervision of a sworn officer pursuant to SDCL 23–44–18. We affirm.

On February 11, 1976, Ruby Leir was having lunch in the apartment of a friend, Mrs. Munroe, who lived in apartment No. 2 on the first floor of building. Mrs. Munroe's apartment faces south and overlooks the parking lot where the offense took place. Mrs. Munroe and Mrs. Leir observed the crime through the window of Mrs. Munroe's apartment, which observation point was 86 feet from the point where the crime was committed. The witnesses observed the crime from its outset and gave their undivided attention to it during the few minutes required to open the victim's automobile and take the articles from it. Immediately after the commission of the crime, Mrs. Leir called the police. In answer to her call, Earl Giedd, a Mitchell policeman, arrived at Mrs. Munroe's apartment at about 1:09 p.m. Mrs. Leir informed Officer Giedd that there were two male subjects—one a little taller than the other. The taller one was wearing a blue parka-type jacket with an orange lining and blue trousers. The shorter of the two was wearing light colored trousers, a tan or brown jacket and a blue shirt. Mrs. Leir also told the officer that they were driving a large vehicle which was real dirty and had no license plates on the front of it. In describing the events she had observed, Mrs. Leir stated that she saw two men drive up in a car; that both emerged and went over to the victim's car; that one of the men opened the door with a wire; and the other man took articles from the victim's car and placed them in defendant's car. Both Mrs. Leir and Mrs. Munroe stated that the smaller man placed the items in the back seat of the passenger's side of the automobile by opening the passenger's rear door. There was evidence from the defendant that this particular door was inoperable at the time of the incident. After the shorter man placed the articles in the car, both parties took off at a high rate of speed. Based upon the descriptions given to him at about 1:09 p.m., Officer Giedd stopped defendant Jeffrey Clark Bullis while he was driving his automobile at approximately 3 p.m. that same afternoon. After stopping the vehicle, Officer Giedd requested that the defendant accompany him to the scene of the crime, and the defendant was directed to stand in the same place where the crime took place some two hours earlier. Mrs. Leir then observed defendant from the apartment and positively identified him as one of the men involved in the burglary. At trial, she also made an in-court identification of defendant without objection.

As to the first issue, it should be noted that defendant did not move to suppress the evidence arising from the alleged improper "showup" and did not object to the in-court identification of the defendant by the witnesses at the time of trial. Thus, the issue was never properly preserved at the trial level. This court has rejected the use of plain error in South Dakota, *State v. Barr*, 1975, S.D., 232 N.W.2d 257, and even the plain error rule would only apply to a situation where an identification was so tainted that the likelihood of misidentification required a reversal in order to give due process to the accused. This is not the situation here.

 This crime occurred in broad daylight, and the witnesses had a ringside seat to observe this criminal episode from beginning to end, as well as the defendant's part in it. The witness gave her undivided attention to the crime with a view to calling the police and giving them a description of defendant, his companion and the getaway car. She immediately called the police, and her original descriptions to the police of defendant and the automobile were proven accurate when defendant was apprehended. In fact, apprehension was made on the basis of these descriptions. Her identification of defendant two hours later was positive and without any doubt. In *Utsler v. State,* 1969, 84 S.D. 360, 171 N.W.2d 739, this court recognized the rule on identification set down in *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, stating:

"It is now settled law that an in court identification by a witness to whom an accused was exhibited before trial without notice to and in the absence of counsel must be excluded unless it can be established that such evidence had an independent origin or that error in its admission was harmless." 84 S.D. at 368–369, 171 N.W.2d at 743.

However, we have also held that this rule does not apply to a situation where the suspect is returned to the scene of the crime immediately upon apprehension, and where such apprehension occurs within a reasonably short time after the commission of the alleged offense. *State v. Iron Shell,* 1971, 86 S.D. 100, 191 N.W.2d 803. This rule has been adopted in several well-reasoned opinions, pointing out that the dangers of misidentification are remote where there is an immediate confrontation, and that this was the real purpose of the safeguards laid down in *Wade.* Further, the best interests of the subject, as well as efficient law enforcement, are served when the identification takes place immediately upon apprehension. The subject may be freed immediately if not identified. If the wrong man has been apprehended, the police must continue their search for the criminal. If the subject is identified, they may go about their other business. *State v. Borchert,* 1971, 156 Mont. 315, 479 P.2d 454; *McPhearson v. State,* 1969, 253 Ind. 254, 253 N.E.2d 226. This fits the situation here, and we find no error in the trial court's failure to direct a verdict of acquittal or grant a motion for a new trial.

The defendant made a motion to permit the jury to examine his automobile which was parked in front of the courthouse. The court granted the motion, but failed to follow the dictates of SDCL 23–44–18 in that the officers accompanying the jury were not "sworn to suffer no person to speak to or communicate with the jury * * *." The jurors were admonished by the court not to discuss the case among themselves or with anyone else, and they were conducted to the automobile by the bailiffs, defense counsel and the prosecutor. No objection was made by the defendant to this procedure at the time of the viewing, and there is no contention that any improper communication occurred or that the defendant was prejudiced in any way by the failure to follow this statute to the letter. Defendant simply contends that the failure to swear the officers under the statute was reversible error.

 The officers should have been sworn in accordance with the statute; however, defendant's guarantee of a fair trial was amply protected, not only by the presence of the bailiffs but also by the presence of his own counsel. We find that any error here was harmless as there was no prejudice to the defendant. SDCL 23–1–2.

Affirmed.

All the Justices concur.