**STATE of South Dakota, Plaintiff and Respondent,**

v.

**David Corwin MULLINS, Defendant and Appellant.**

**No. 12135–a–FGD.**

Supreme Court of South Dakota.

Argued Oct. 7, 1977.

Decided Dec. 30, 1977.

ber 1, 1977. The change, however, does not affect the substance of the definition.

Peter H. Lieberman, Asst. Atty. Gen., Pierre (William J. Janklow, Atty. Gen., Pierre, on brief), for plaintiff and respondent.

William D. Kenyon, Sioux Falls, for defendant and appellant.

DUNN, Chief Justice.

David Mullins appeals his conviction for first degree robbery, challenging the sufficiency of eyewitness identification to sustain a guilty verdict. He was convicted by a Minnehaha County jury on November 2, 1976, and sentenced to ten years in the penitentiary, solely on the basis of in-court identification by two eyewitnesses to the crime. On appeal, the defendant contends that the identifications were too uncertain to send the question to the jury, and he indirectly challenges the procedure by which the identifications were made. We affirm.

In the late evening of October 3, 1975, Lem's Liquor Store in Sioux Falls was robbed by an armed man. The only two witnesses were the owner, Mildred Totman, and a friend named Marie Vanderloo. They indicated that they had had a good look at the robber from a distance of about three feet in a well-lighted store. The description given the investigating officer the night of the robbery was as follows:

"a black male subject approximately six foot tall weighing about a hundred and sixty to a hundred and seventy pounds having short, black kinky Afro hair, having a mark on the left cheek, or on his face, possibly a scar or a mole, wearing a cotton type of Navy jacket—something she believed to be a cotton type Navy jacket, zipper front that was zipped about halfway down; not wearing a shirt *   *."

Shortly after the robbery, Mildred Totman and Marie Vanderloo were shown five photographs of a black man. Each of the women independently picked the picture of the defendant from the five and stated that it "looked like him," but neither would state positively that it was the person she had seen robbing the store. Mildred Totman indicated a desire to see the defendant in a lineup before making a definite identification.

A lineup was never held, however, and the next identification was at the preliminary hearing, where the defendant was sitting alone behind the counsel table. For some reason which is not shown in the record, he did not have an attorney at the preliminary hearing. Mildred Totman was the only witness at the preliminary hearing, and she identified him as the robber.

At trial, Mrs. Totman described the robber's shirt as a "kind of a V–neck, long-sleeved shirt" with "no zipper to it." Miss Vanderloo called it a blue, levi-type jean jacket that had buttons down the front. Other discrepancies in the descriptions of the robber's clothing were brought out by defense counsel. Both women made positive identifications of the defendant as the robber at the trial. Miss Vanderloo denied ever having any doubt about the identity of the robber, but her testimony was impeached by testimony of the police officer who showed her the photographs. He stated she was uncertain about the identity of the robber when shown the pictures, although he admitted both women separately indicated that the defendant "looked like" the robber. No testimony or evidence of any type was introduced to connect the defendant with the robbery other than the eyewitness identification by the women.

■ The sole issue raised on appeal is the sufficiency of the evidence to sustain a conviction. It is settled law that the credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit positive identification to be made. *People v. Jones,* 1975, 60 Ill.2d 300, 325 N.E.2d 601; *Estill v. People,* 1967, 161 Colo. 499, 423 P.2d 21; *State v. Gluff,* 1969, 285 Minn. 148, 172 N.W.2d 63; *State v. Hellem,* 1971, 289 Minn. 477, 185 N.W.2d 698; *Russell v. United States,* 1975, D.C.App., 348 A.2d 299. In this case there were two eyewitnesses who observed the robber from a distance of three feet in a well-lighted store. Shortly after the robbery, each witness independently picked the defendant's picture from an array of five photographs of black men and indicated that it "looked like" the robber. Both women made positive in-court identifications of the defendant as the robber without objection from defense counsel. Minor discrepancies in the witnesses' descriptions of the robber's clothing go to the weight and credibility of the identification evidence, and it was for the jury to resolve these conflicts. *People v. Fanizza,* 1967, 251 Cal.App.2d 484, 59 Cal.Rptr. 544; *Taylor v.*

*State,* 1976, 74 Wis.2d 255, 246 N.W.2d 516; *State v. McKay,* 1975, N.D., 234 N.W.2d 853. We conclude that the evidence was sufficient to support the verdict.

The record does reveal some troublesome facts in regard to this defendant's due process rights. The next identification proceeding after the photo display was at the preliminary hearing, since no lineup was held. The defendant did not have counsel at that hearing, and nothing in the record indicates that he was ever told he had a right to counsel. Mrs. Totman made a positive identification of the defendant at a time when he was seated alone behind the counsel table. No suppression motion was ever made nor was any objection to the in-court identification of the defendant ever made by defense counsel, who was appointed subsequent to the preliminary hearing.

■ The identification procedure raises serious questions in light of the United States Supreme Court decisions in *United States v. Wade,* 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and *Foster v. California,* 1969, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402. This court in *Utsler v. State,* 1969, 84 S.D. 360, 171 N.W.2d 739, cited *Wade* for the following proposition:

"It is now settled law that an in court identification by a witness to whom an accused was exhibited before trial without notice to and in the absence of counsel must be excluded unless it can be established that such evidence had an independent origin or that error in its admission was harmless." 84 S.D. at 368–369, 171 N.W.2d at 743.

In *State v. Bullis,* 1977, S.D., 255 N.W.2d 290, however, no suppression motion was made and no objection to the in-court identification was made, which is also true of the present case. As we pointed out in *Bullis*:

"This court has rejected the use of plain error in South Dakota * * * and even the plain error rule would only apply to a situation where an identification was so tainted that the likelihood of misidentification required a reversal in order

to give due process to the accused." 255 N.W.2d at 291.

Since the alleged error in the identification procedure was not preserved, we find no basis for reversal.* The defendant has belatedly raised the *Wade* issue as part of his challenge to the sufficiency of the evidence, but we believe that positive in-court identification by two eyewitnesses which was not objected to is sufficient evidence to support the verdict. The discrepancies in the witnesses' testimony were effectively pointed out by defense counsel on cross-examination, and it was for the jury to decide whether the state had met its burden of proof on identification.

The judgment is affirmed.

All the Justices concur.

---

* Similarly, the question of incompetency of counsel is not before us on this appeal. We note, however, that the United States Court of Appeals for the Second Circuit in *Saltys v. Adams,* 1972, 465 F.2d 1023, granted post-conviction relief in a case where the facts were very similar to this one, based on incompetency of counsel. See also *Moore v. Illinois,* decided by the United States Supreme Court on December 12, 1977, —— U.S. ——, 98 S.Ct. 458, 53 L.Ed.2d ——, which granted post-conviction relief where the complaining witness in a rape case was permitted to identify her assailant at a preliminary bond-setting hearing in a one-man lineup during which defendant was not represented by counsel, nor offered counsel.