STATE of South Dakota, Plaintiff and Respondent,

v.

Nels Mark IVERSON, Defendant and Appellant.

No. 12161.

Supreme Court of South Dakota.

Aug. 10, 1978.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Charles Poches, Jr., Fort Pierre, for defendant and appellant.

PORTER, Justice.

## CASE SUMMARY

On September 23, 1976, defendant pled guilty to a charge of illegal possession of a controlled substance, a felony, in violation of SDCL 39–17–95.[1] On November 15, 1976, the trial court entered its first sentence. Defendant was sentenced to three

---

1. SDCL 39–17–95 read as follows:

"It is unlawful for any person knowingly or intentionally to possess a controlled drug or substance unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who is convicted of a violation of this section shall be sentenced to a

years in the state penitentiary, but the court suspended imposition[2] of this sentence under certain conditions.[3]

On February 9, 1977, the trial court rendered judgment and re-sentenced defendant based upon his September 23, 1976 guilty plea. Defendant filed notice of appeal on February 14, 1977.

On this appeal defendant contends (1) that the February 9, 1977 judgment was void because the judgment of November 15, 1976 was a valid judgment; (2) that portions of the November 15, 1976 judgment should be stricken as contrary to *State v. Marshall*, S.D., 247 N.W.2d 484 (1976), and that as so modified, the November 15, 1976 judgment should be affirmed; and (3) that he was denied due process by reason of the incompetence of his trial counsel. For the reasons which follow, we vacate the February 9, 1977 judgment and affirm, without modification, the sentence of November 15, 1976.

term of imprisonment of not more than five years, or by a fine of five thousand dollars, or by both such fine and imprisonment. Upon conviction of second or subsequent offenses, the sentences shall be the same as provided for second or subsequent offenses in § 39–17–90."

This section was repealed by 1976 S.D.Sess. Laws, ch. 158, § 42–23. The criminal law relating to controlled substances was completely rewritten and is now contained in SDCL ch. 22–42 (Spec.Supp.1977). This change was effective October 1, 1977, 1977 S.D.Sess.Laws, ch. 190, § 128.

2. Suspended imposition of sentence is authorized by SDCL 23–57–4 which at the time of sentencing in this case read as follows:

"Upon receiving a verdict or plea of guilty in the case of any person never before convicted of a felony in this state for any offense not punishable by death or life imprisonment, the court having jurisdiction of the defendant, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may without entering a judgment of guilt, and with the consent of such person, suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court may deem best, provided that the court may revoke the suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period. Upon proper showing of the observance of all conditions imposed the probationer may be discharged by the court and a formal entry of such discharge be filed with the clerk of courts of the county having jurisdiction of the offense. Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this section may occur only once with respect to any person. Any discharge and dismissal under this Act shall be reported to the division of criminal investigation pursuant to SDCL 23–5 and 23–6."

The trial court also may have acted pursuant to SDCL 39–17–113, which read:

"Whenever any person who has not previously been convicted of any offense under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to, or is found guilty under § 39–17–90, § 39–17–91, § 39–17–92, § 39–17–93, § 39–17–94, § 39–17–95 or § 39–17–96 the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as it may require. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided."

3. The conditions were:
1. That he voluntarily spent [sic] six (6) months in the state penitentiary, commencing January 1, 1977;
2. That he be under the supervision of the Division of Corrections of the Department of Social Services, State of South Dakota, subject to all rules and discipline for a period of three years, including the following:
   a. That he be on general good behavior;
   b. That he violate no state or federal law or municipal ordinances for a period of three years;
   c. That he submit to the Nalline and/or Urinalysis test of the illegal use of narcotics and/or dangerous drugs, whenever required by any peace officer;
   d. That he shall not associate with any known users or traffickers in dangerous drugs or narcotics;
   e. That he shall submit his personal property, place of residence, vehicle and personal effects to search and seizure at anytime of the day or night without the necessity of a search warrant whenever requested to do so by any peace or probation officer;
   f. That he shall secure and maintain full-time employment.

## ISSUES

The issues raised by this appeal are:

ISSUE ONE: Was the appeal timely?

ISSUE TWO: Were certain conditions, imposed by the trial court as a part of defendant's probation, legal and reasonable?

ISSUE THREE: Did the trial court have jurisdiction to resentence defendant?

ISSUE FOUR: Was defendant deprived of due process because of the incompetence of his trial counsel?

## DECISION

### ISSUE ONE

We conclude that the appeal was timely.

Defendant appealed from the judgment of February 9, 1977, by filing notice of appeal on February 14, 1977. This was within the sixty-day requirement of SDCL 23–51–6.[4]

Although the first sentence was handed down on November 15, 1976, it did not constitute a final judgment.[5] It was thus not possible to appeal from it as of right, SDCL 23–51–1. The court's final judgment of conviction was entered, along with the second sentence, on February 9, 1977. A timely appeal from the judgment raises all questions appearing on the record which were properly raised before the trial court. SDCL 23–51–16.

### ISSUE TWO

We conclude that the six months' imprisonment condition was valid at the time it was entered, and that defendant waived his right to challenge the search and seizure conditions on appeal because he failed to raise the issue in the trial court.

---

4. SDCL 23–51–6 reads as follows:

"Any appeal other than from a judgment must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. An appeal from the judgment must be taken within sixty days after the judgment is signed, attested and filed."

In the case of *State v. Marshall*, supra, this court held that the trial court could not condition the granting of a suspended imposition of sentence under SDCL 23–57–4 on defendant's agreement to be voluntarily imprisoned. Because the record in *Marshall* did not indicate that the imprisonment was an essential part of the trial court's plan of rehabilitation, we struck the prison term and allowed the remainder of the sentence to stand. Defendant asks us to reach a similar result in this case.

We decline to do so for two reasons. First, the record here establishes that the trial court intended that defendant spend time in prison. Second, we have determined that the rule of *State v. Marshall*, supra, is to be applied only in cases where defendant has specifically raised the issue at the time of sentencing, or in cases where the guilty plea has been made after December 3, 1976.

This court has previously applied newly adopted judicial doctrines prospectively. *City of Aberdeen v. Meidinger*, S.D., 233 N.W.2d 331 (1975); *Rollinger v. J. C. Penney Co.*, 86 S.D. 154, 192 N.W.2d 699 (1971). The United States Supreme Court, in giving prospective effect to the exclusionary rule of *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), stated:

> In short, we must look to the purpose of the [new] rule; the reliance placed on the [previous] rule; and the effect on the administration of justice of a retrospective application of [the new rule].

*Linkletter v. Walker*, 381 U.S. 618, 636, 85 S.Ct. 1731, 1741, 14 L.Ed.2d 601, 612 (1965).

Applying these standards, we are convinced that our holding in *Marshall*, supra, should be given prospective effect only. We first consider the purpose of this rule. The court was giving effect to the legislative intent behind SDCL 21–57–4 which au-

---

5. We have held that the court's sentence under SDCL § 23–57–4 is *not* a judgment of guilt. *State v. Johnson*, S.D., 254 N.W.2d 114, 119–21 (1977); *see also, Williams v. Sisseton-Wahpeton Sioux Tribal Council*, 387 F.Supp. 1194, 1199–1201 (D.C.1975). The similarity of SDCL 39–17–113 indicates that the same rule should apply if the trial court acted under that statute.

thorizes suspended imposition of sentence. Since the legislature authorized probation, which by its very nature implies lack of imprisonment, the court inferred that the legislature intended no imprisonment under the statute. The question was, however, a close one. Much of the language in *Marshall* supports the concept that a trial court should have discretion to require some imprisonment as a condition of probation. The "purpose" factor does not mandate retrospective application of the rule.

The elements of reliance and administration of justice, however, weigh heavily in favor of prospective application. The language of SDCL 21–57–4 is broad. Trial judges could have reasonably believed, prior to *Marshall*, that the tool of imprisonment was available to them when they planned rehabilitation. In addition, the administration of justice would be disrupted if re-sentencing of all similarly situated defendants were required. It is uncertain whether a trial court, upon remand, would have jurisdiction to re-sentence, absent a violation of the conditions of suspended imposition. We decline to create unnecessary difficulties by giving *Marshall* retrospective effect.[6]

■ Because it was appropriate to determine whether or not *Marshall* should be applied retrospectively, we have considered defendant's challenge to the imprisonment condition, even though he made no such objection in the trial court. Defendant's challenge to the search and seizure condition will not, however, be considered. It was not presented to the trial court, and the trial court had no opportunity to rule on it. The defendant may not raise an issue for the first time on appeal. *State v. O'Connor*, S.D., 265 N.W.2d 709 (1978); *State v. Mullins*, S.D., 260 N.W.2d 628 (1977).

6. We note that the legislature has added SDCL 23–57–5.1 to the code, effective July 1, 1977. This statute reads as follows:
"The conditions of parole imposed pursuant to § 23–57–1, the terms and conditions of probation imposed pursuant to § 23–57–4, or the conditions of suspension of execution of sentence imposed pursuant to § 23–57–5, may include a requirement that the defend-ant be imprisoned in the county jail for a specific period not exceeding sixty days or the sentence which was imposed or which may be imposed by law, whichever is less. Such imprisonment may be further restricted to certain days or to certain parts of days specified by the court as part of such conditions."

## ISSUE THREE

We conclude that the trial court erred in re-sentencing defendant.

■ Although the sentence of November 16, 1976, was not a final judgment, it was the court's disposition of this case. The court retains jurisdiction over defendant. It may revoke his probation, SDCL 23–57–4, *State v. Elder*, 77 S.D. 540, 95 N.W.2d 592 (1959). Such revocation, however, must be based on a factual showing sufficient to justify the court's exercise of discretion. Here, there is no factual showing. The court re-sentenced based on its belief that our opinion in *State v. Marshall*, supra, rendered part of the original sentence invalid. We hold however, that the orignal sentence was valid, and thus we need not consider the jurisdiction of the trial court to re-sentence were *Marshall* retrospective.

## ISSUE FOUR

■ Defendant also assigns as error denial of due process based on the incompetence of his trial counsel. The alleged incompetence consisted of the failure of counsel to move that two conditions of probation, imprisonment and submission to search and seizure, be stricken from the original sentence.

This claim is without merit. First, it appears from the record that defendant voluntarily agreed to these conditions. Second, it was only through the efforts of defendant's trial counsel that the court was persuaded to grant suspended imposition of sentence. The record indicates that the sentence would have been more severe had the conditions not been assented to.

## CONCLUSION

For the reasons set out above, we vacate the February 9, 1977 judgment and sen-

tence, and affirm without modification the order and sentence of November 15, 1976.

All the Justices concur.