PEOPLE v JACKSON

PEOPLE v DIALS

Docket Nos. 78-946, 78-4475. Submitted October 2, 1979, at Grand Rapids.—Decided November 21, 1979.

Defendants, Anthony S. Jackson and Joseph Dials, were convicted, on their pleas of guilty, of second-degree murder and felony-firearm in Recorder's Court of Detroit, John Patrick O'Brien, J. Defendants appeal and the cases were consolidated for hearing. *Held:*

1. Conviction of both second-degree murder and felony-firearm does not violate the constitutional prohibition against double jeopardy or the Michigan constitutional prohibition against amending statutes without reenacting and republishing them.

2. A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overbroad and impinges on First Amendment freedoms. The felony-firearm statute is not unconstitutionally vague.

3. Challenges to statutes on the grounds of overbreadth which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. Since neither defendant makes any claim that the conduct of which he was accused is constitutionally protected, neither has any standing to raise the issue of overbreadth.

4. At the plea-taking hearing, defendant admitted that he shot and killed a witness to another shooting because the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16A Am Jur 2d, Constitutional Law § 818.

21 Am Jur 2d, Criminal Law § 17.

73 Am Jur 2d, Statutes § 346.

Indefiniteness of language as affecting validity of criminal legislation or judicial definition of common law crime. 16 L Ed 2d 1231.

[4] 40 Am Jur 2d, Homicide §§ 471, 472.

witness had seen him and knew who he was. There were facts on the record sufficient to support a charge of second-degree murder.

Affirmed.

1. CRIMINAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overbroad and impinges on First Amendment freedoms.

2. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

Challenges to statutes on the grounds of overbreadth which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.

3. CRIMINAL LAW — FELONY-FIREARM — DUE PROCESS — STATUTES — VAGUENESS.

The felony-firearm statute is not unconstitutionally vague (MCL 750.227b; MSA 28.424[2]).

4. HOMICIDE — SECOND-DEGREE MURDER — PLEA OF GUILTY — SUFFICIENCY OF FACTS TO SUPPORT GUILTY PLEA.

There were facts on the record sufficient to support a charge of second-degree murder where, at the plea-taking hearing, defendant admitted that he shot and killed a witness to another shooting because the witness had seen him and knew who he was.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people in Jackson, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, in *Dials.*

*Mosley & Monroe, P.C.,* for defendant Jackson.

*Balfour Peisner,* for defendant Dials.

Before: CYNAR, P.J., and D. F. WALSH and L. B.
BEBEAU,* JJ.

PER CURIAM. Defendant, Anthony Steven Jack-
son, was convicted on his pleas of guilty of the
offenses of second-degree murder, MCL 750.317;
MSA 28.549, and possession of a firearm in the
commission of a felony, MCL 750.227b; MSA
28.424(2). Defendant, Joseph Dials, was also con-
victed on his pleas of guilty of the same offenses.

On appeal both defendants contest the constitu-
tionality of the felony-firearm statute, MCL
750.227b; MSA 28.424(2). We have reviewed both
records and have carefully considered the argu-
ments of counsel. We find no reversible error in
the convictions of either defendant.

The felony-firearm statute does not violate Mich-
igan Const 1963, art 4, § 25, by revising, altering,
or amending existing laws without reenacting and
publishing them as required. *Wayne County Prose-
cutor v Recorder's Court Judge,* 92 Mich App 433;
285 NW2d 318 (1979), *People v Walter Johnson,* 85
Mich App 654; 272 NW2d 605 (1978), *People v
Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979).

Conviction of both felony-firearm and second-de-
gree murder does not violate the constitutional
prohibition against double jeopardy. *Wayne
County Prosecutor v Recorder's Court Judge,* 406
Mich 374; 280 NW2d 793 (1979).

Finally, the felony-firearm statute is not uncon-
stitutionally vague. As the Supreme Court stated
in *People v Howell,* 396 Mich 16, 20; 238 NW2d
148 (1976):

"A statute may be challenged for vagueness on three
grounds:

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"1. It does not provide fair notice of the conduct proscribed.

"2. It confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.

"3. Its coverage is overbroad and impinges on First Amendment freedoms."

The felony-firearm statute proscribes carrying or possessing a firearm while committing or attempting to commit a felony. The crimes defendants were charged with were felonies. Both were in possession of a firearm at the time of the commission of the offenses. Under the facts of these cases the statute certainly provides "fair notice of the conduct proscribed" and it does not confer on the trier of fact "unstructured and unlimited discretion to determine whether an offense has been committed".

Moreover, defendant Jackson's contention that the statute is overbroad must also fail. Neither defendant argues that the statute impinges on First Amendment freedoms. When the statute challenged does not involve First Amendment freedoms, the challenge of overbreadth must be evaluated in the light of the facts of the case in which the issue is raised. *People v Howell, supra,* 21. Since neither defendant makes any claim that the conduct of which they were accused is constitutionally protected, neither has any standing to raise an overbreadth issue. *Broadrick v Oklahoma,* 413 US 601; 93 S Ct 2908; 37 L Ed 2d 830 (1973).

Defendant Dials states the final issue to be as follows:

"Where a person is assaulted, and in the course of the assault, shoots the attacker, after which he panics and kills a witness, is he chargeable with murder in the second-degree?"

At the plea-taking proceeding defendant Dials admitted that when he and Jackson were in the alley, they discovered that the deceased's wife was in a car down the street and that she had seen defendant Dials and knew who he was. Jackson then said that the deceased's wife would have to go too. Dials told the court: "He handed me the pistol and I walked down to the car and fired to the car twice, walked back in the alley and handed Jackson the pistol".

Defendant Dials' admission that he killed a witness because she had seen him and knew who he was certainly supports a charge of second-degree murder. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

Defendants' convictions are affirmed.