David Corwin MULLINS, Petitioner
and Appellant,

v.

STATE of South Dakota, Respondent.

No. 12750.

Supreme Court of South Dakota.

Argued Oct. 15, 1979.

Decided Jan. 16, 1980.

Robert E. Hayes, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for petitioner and appellant.

Gene Paul Kean, Minnehaha County State's Atty., Sioux Falls, for respondent.

MORGAN, Justice.

This is an appeal from an adverse ruling in a post-conviction relief proceeding, in which the defendant-petitioner, appellant herein, sought to overturn a robbery conviction upon the ground that he was denied the effective assistance of counsel at his trial. We affirm.

The conviction was before us on appeal in *State v. Mullins*, 260 N.W.2d 628 (S.D.1977). The ground for appeal at that time was the alleged insufficiency of the eyewitness identification of two witnesses, which was the only evidence connecting appellant with the crime. Our decision, supra, affirmed the conviction on three grounds: (1) The positive in-court identification by two eyewitnesses who had observed him in the act within two to three feet in good light was sufficient to support the conviction; (2) the in-court identification was made without objection by defense counsel; and (3) the question of pretrial ·identification at the preliminary hearing in what amounted to a one-man lineup was not preserved on appeal due to failure of defense counsel to timely move to suppress.

By a footnote, our opinion suggested that failure to contest the identification by timely motion for suppression and objection might furnish grounds for challenging the conviction on the basis of inadequate counsel, citing *Saltys v. Adams*, 465 F.2d 1023 (2nd Cir. 1972), and *Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977). This proceeding resulted.

One factor that was not before us in *Mullins*, supra, which is clearly disposed of in the proceedings *sub judice*, is the fact that appellant effectively waived his right to counsel to represent him at the preliminary hearing stage of the proceeding. Thus, *Moore v. Illinois*, supra, is distinguished.

We next look to the question of whether appellant was deprived of effective assistance of counsel because his court-appointed attorney at the trial stage failed to timely move to suppress the previous identification based on the preliminary hearing and object to the foundation of the in-court identification. We hold that he was not.

In examining the record, it appears that both eyewitnesses were subpoenaed to ap-

pear at the preliminary hearing although only one, the owner of the store, was called upon to testify. However, both eyewitnesses saw appellant in such circumstances as would constitute a one-man lineup. Appellant argues that under the holdings in *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), any identification based on the lineup was improper.

Upon examination of the record, however, both the identification testimony at trial in *Mullins*, supra, and the testimony at the hearing *sub judice* convinces us that appellant is in error. The testimony elicited substantiates the State's contention that the identification had an origin totally independent of the preliminary hearing one-man lineup. The witnesses testified under direct and cross-examination that they had opportunity to observe appellant for a period of several minutes, in close proximity and under good light. We are convinced that, had defense counsel made a timely motion to suppress and timely objection, the foundation of the in-trial identification would have been adequate to meet such objections. Therefore, any failure to so move or object would at best be harmless error. Undoubtedly, had we had the record of the preliminary hearing before us in *Mullins*, supra, there would have been no reservation whatever in affirming the conviction.

All the Justices concur.