STATE of South Dakota, Plaintiff and Appellee,

v.

Michael C. VOGEL, Defendant and Appellant.

No. 13478.

Supreme Court of South Dakota.

Argued Nov. 19, 1981.

Decided Jan. 20, 1982.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

James E. McCulloch of Minick, Nelson & McCulloch, Vermillion, for defendant and appellant.

HENDERSON, Justice.

## ACTION

Michael C. Vogel (appellant) appeals from a judgment entered pursuant to a bench trial which found him guilty of failure to appear for trial. Although several issues are presented for review, the crux of this appeal revolves around the constitutionality of SDCL 23A–43–31. We hold that this statute is constitutional and affirm the judgment of conviction.

## FACTS

On September 17, 1980, appellant was charged with possession of marijuana and was released on bond. Trial was set for November 25, 1980. A hearing was held on October 27, 1980, to entertain motions to suppress and for a blood test. These motions were denied. Appellant was proceeding pro se.

An unsigned "notice of appeal" was filed by appellant with the clerk of the trial court on November 13, 1980, but no petition for an intermediate appeal was requested or served either upon the trial court or this Court. Three days later, appellant filed two additional unsigned motions with the trial court which were captioned "motion for production of blood sample" and "motion for a fair trial." The date of trial remained scheduled for November 25, 1980, and appellant was informed of this at various times during the pre-trial proceedings; appellant was also informed, both orally and in writing, of his obligation to appear at trial.

Rather than to appear for trial on the required date, appellant personally applied to this Court for a writ of habeas corpus on the day of trial. His application was denied. Appellant was subsequently charged with and convicted of failure to appear for trial. This appeal followed.

## ISSUES

### I.

Is SDCL 23A–43–31, which sets forth a strict liability crime, unconstitutionally vague or overbroad? We hold that it is not.

### II.

Did the trial court commit prejudicial error by applying an element of intent to SDCL 23A–43–31? We hold that it did not.

### III.

Did the trial court correctly find that appellant's failure to appear at trial was a mistake of law and not a mistake of fact? We hold that it did.

## IV.

Did the trial court err by not receiving into evidence certain portions of the arraignment transcript? We hold that it did not.

## DECISION

### I.

The statute herein involved provides as follows:

[SDCL 23A–43–31] Any person who, having been released pursuant to this chapter, fails to appear before any court or judicial officer as required shall, subject to the provisions of this title, forfeit any security which was given or pledged for his release and, in addition, shall:

(1) If he was released in connection with a charge of a felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be guilty of a Class 5 felony;

(2) If he was released in connection with a charge of a misdemeanor, be guilty of a Class 1 misdemeanor; or

(3) If he was released for appearance as a material witness, be guilty of a Class 1 misdemeanor.

Appellant contends that this type of offense should not be a strict liability crime because the act prohibited (bail-jumping) has no victim, aside from the defendant himself.

This Court has previously upheld the Legislature's prerogative to create strict liability crimes. *State v. Nagel*, 279 N.W.2d 911 (S.D.1979) (securities laws); *State v. Martin*, 85 S.D. 587, 187 N.W.2d 576 (1971) (securities laws); *State v. Fulks*, 83 S.D. 433, 160 N.W.2d 418 (1968) (statutory rape). The common thread that runs through these decisions is that the strict liability aspect of the crimes involved were enacted in accord with, and designed to maintain, the welfare of the public. We are convinced that the strict liability aspect of SDCL 23A–43–31 was enacted by the Legislature to insure that our judicial tribunals are capable of functioning in an orderly manner, that is, to promote public welfare by allowing for the effective and timely administration of justice. A toleration of missed court appearances would bring chaos to the courts. We note that the State of New York has upheld its strict liability bail-jumping laws. *See People v. DeRigo*, 66 A.D.2d 919, 410 N.Y.S.2d 728, 729 (1978).

Appellant contends, however, that SDCL 23A–43–31 is unconstitutionally vague and overbroad. Initially, we are cognizant that enactments of the Legislature will be upheld unless they are clearly and unmistakably unconstitutional. *Direct Auto Buying Service, Inc. v. Welch*, 308 N.W.2d 570 (S.D. 1981); *People In Interest of T. L. J.*, 303 N.W.2d 800 (S.D.1981).

The test for statutory vagueness is found in *State v. Bad Heart Bull*, 257 N.W.2d 715, 720 (S.D.1977) (citation omitted):

A crime must be statutorily defined with definiteness and certainty. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process. A criminal statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.

*See State v. Crelly*, 313 N.W.2d 455 (S.D. 1981); *State v. Havens*, 264 N.W.2d 918 (S.D.1978).

Since the statute in question does not encompass First Amendment rights, our review of the vagueness contention is confined to the specific facts of this case and does not entail every other possible scenario which might be applied. *United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); *State v. Havens, supra*. Appellant focuses upon the words "as required" as found in SDCL 23A–43–31 in arguing that he could not tell if and when he was legally required to appear in court.

Here, appellant was informed of the trial date and time by the state's attorney in a letter dated six days prior to trial; the state's attorney also telephonically informed appellant two days before trial that appellant must appear at trial; finally, the

trial judge informed appellant on three separate occasions of the trial date, and also advised appellant over the telephone one day prior to trial of the trial date and of appellant's necessary appearance. Upon these facts, we hold that the "as required" verbiage of SDCL 23A–43–31 gave appellant sufficient and fair notice of his requirement to appear at trial.*

Aside from his allegation of vagueness, appellant also contends that SDCL 23A–43–31 is unconstitutionally overbroad. Overbreadth, while closely related to vagueness, is nevertheless a separate constitutional concept. When a statute not only forbids conduct constitutionally subject to proscription, but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected, it is considered overbroad. *See Zwickler v. Koota*, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Thornhill v. State of Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); *Overstock Book Company v. Barry*, 305 F.Supp. 842 (E.D.N.Y.1969); *Landry v. Daley*, 280 F.Supp. 938 (N.D.Ill.1968); *see generally* 83 Harv.L.Rev. 844 (1970).

As in vagueness challenges, "[w]hen the statute challenged does not involve First Amendment freedoms, the challenge of overbreadth must be evaluated in the light of the facts of the case in which the issue is raised." *People v. Jackson*, 94 Mich.App. 24, 27, 287 N.W.2d 357, 359 (1980); *see Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); *State v. Farrell*, 209 N.W.2d 103 (Iowa 1973).

The facts here indicate that on the day of appellant's trial he personally filed with this Court a request for a writ of habeas corpus. Appellant's position is that the enforcement of SDCL 23A–43–31 denied him the right to request a habeas corpus writ. We disagree. Appellant was not required to personally appear before this Court when making his application. Nothing prevented appellant from appearing at trial and also applying for a writ of habeas corpus. *See* SDCL ch. 21–27. Moreover, it is doubtful if appellant was entitled to the benefit of a habeas corpus writ since, at the time of his application, he was not imprisoned or restrained of his liberty. SDCL 21–27–1. Even though appellant had posted bail, "[t]he great weight of authority is to the effect that a writ of habeas corpus will be denied on behalf of persons discharged on bail." *Application of Painter*, 85 S.D. 156, 159, 179 N.W.2d 12, 13 (1970). Under the facts presented, we hold that SDCL 23A–43–31 is not unconstitutionally overbroad.

II.

Secondly, appellant asserts that the trial court erroneously added an element of intent to the crime of failure to appear. Immediately prior to trial, appellant motioned to have SDCL 23A–43–31 declared unconstitutional. In ruling on this motion, the trial court stated "that although the statute makes no mention of any intent or knowledge or willfulness, that the Legislature, by not specifically excluding any scienter or mens rea, that the Court is going to presume that intent is a material element to be proven by the state and that the statute is not unconstitutionally vague or overly broad." In Finding of Fact XXVI the trial court stated that appellant's "failure to appear was willful and intentional[.]" This finding was also stated in the trial court's conclusions of law. Appellant states that he was prejudiced by this "willful and intentional" standard in that an application of a "knowingly" or "maliciously" standard would have allowed him to utilize his 'mistake of fact' defense to a greater degree.

■ Apparently, as a defensive ploy to cause the prosecution to establish this additional element of the crime charged, appellant did not object to the trial court's invokement of the intent element. Appellant

* *Cf. United States v. DePugh*, 434 F.2d 548 (8th Cir. 1970) (holding that any ambiguity embodied in the "when required" portion of 18 U.S. C.A. § 3150 (federal bail-jumping provision) was cured by the provision's requirement that a defendant's failure to appear in court must be willful.)

welcomed the trial court's interpretation. Having invited an error, he now seeks to advantage himself by it. The general rule of this Court is that an issue may not be raised for the first time on appeal. And appellant did not raise this issue at trial. *State v. Iverson*, 269 N.W.2d 390 (S.D.1978); *State v. O'Connor*, 265 N.W.2d 709 (S.D. 1978); *State v. Mullins*, 260 N.W.2d 628 (S.D.1977). In view of the strict liability aspect of SDCL 23A–43–31, any standard of intent imposed by the trial court constituted harmless error. *See* SDCL 23A–44–14. Furthermore, the fact that the trial court required the State to prove intent is an additional burden on the State, not appellant.

### III.

 The trial court stated in its findings of fact that appellant's failure to appear at trial was due to a mistake of law and not of fact. Appellant contends that the trial court was clearly erroneous in making this finding. SDCL 15–6–52(a); *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970). In light of the fact that appellant was repeatedly informed of the trial date, it cannot be reasonably maintained that he did not know the date and place of his trial and the necessity of his appearance. When appellant, proceeding pro se, filed his application for a writ of habeas corpus with this Court, instead of appearing at trial, it is clear that he was acting under a legal, not factual, misconception. Therefore, we cannot say that the trial court was clearly erroneous in its finding.

### IV.

During the trial, appellant's counsel requested that a prosecution witness read from the arraignment transcript of the preliminary hearing. The State thereupon objected on grounds of irrelevancy, this objection being sustained. Upon an offer of proof, appellant's counsel indicated that the transcript would have shown that appellant made statements at his initial appearance that he did not believe he had to appear at trial. Appellant now claims that the trial

court's refusal to receive these transcribed statements was erroneous. Since the purported effect of the testimony was to establish the state of mind of appellant, and since SDCL 23A–43–31 is a strict liability offense, the trial court correctly ruled that such a line of inquiry would be irrelevant. No error was committed by the trial court in this regard.

The judgment of conviction is affirmed.

All the Justices concur.