**PEOPLE of the State of South Dakota in the Interest of T.F., a Child, and Concerning S.K., Mother.**

No. 14004.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1983.

Decided Oct. 19, 1983.

Michael J. Williams, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for appellee, State of S.D.

George E. Grassby, Pennington County Public Defender, Rapid City, for appellant mother, S.K.

HENDERSON, Justice.

### ACTION

On September 30, 1982, appellant ,T.F., a minor, was charged with inhalation of a substance in violation of SDCL 22–42–15. Pursuant to a November 8, 1982 adjudicatory hearing, an order was entered on November 15, 1982, adjudicating appellant T.F. a delinquent child under SDCL 26–8–7. Appellant T.F. appeals from the adjudicatory order. We affirm.

### FACTS

At 9:14 p.m. on September 25, 1982, the Rapid City, South Dakota Police Depart-

ment received a call complaining of persons inhaling intoxicants in a vacant lot in Rapid City. A law enforcement officer was dispatched to the scene whereupon he observed four individuals, including appellant T.F., sitting in a patch of tall weeds. The individuals were sitting in a circle, with two cans of gold paint and four bags containing gold paint, in the center of the circle. The officer observed small amounts of gold paint on appellant T.F.'s mouth and hands. Appellant was arrested for violating SDCL 22–42–15 and removed to West River Services Detoxification Center (Detox Center). An employee at the Detox Center noticed appellant T.F. had slurred speech, an odor of paint on his breath, and paint on his mouth and hands.

At his adjudicatory hearing, appellant T.F. admitted that he had inhaled paint on the evening of September 25, 1982, but contended he did not inhale the paint to become intoxicated.

## ISSUES

### I.

IS SDCL 22–42–15 UNCONSTITUTIONAL UNDER THE VOID–FOR–VAGUENESS DOCTRINE?

### II.

IS SDCL 22–42–15 UNCONSTITUTIONAL UNDER THE OVERBREADTH DOCTRINE?

## DECISION

### I.

SDCL 22–42–15 provides:

Any person who intentionally ingests, inhales, breathes or otherwise takes into the body any substance, except alcoholic beverages as defined in § 35–1–1, for purposes of becoming intoxicated, unless such substance is prescribed by a practitioner of the medical arts lawfully practicing within the scope of their practice, is guilty of a Class 1 misdemeanor.

Intoxication is defined in SDCL 22–1–2(19) as: " 'Intoxication,' a disturbance of mental or physical capacities resulting from the introduction of substances into the body. Intoxication is not, in itself, a mental disease or defect." Until 1980, the State of California had a statute similar to SDCL 22–42–15 on its books. *See In re Juan G.,* 120 Cal.App.3d 766, 174 Cal.Rptr. 795 (1981).

We start from the premise that enactments of the legislature will be upheld unless they are clearly and unmistakenly unconstitutional. *State v. Crelly,* 313 N.W.2d 455 (S.D.1981). As the United States Supreme Court has recently held: "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* —— U.S. ——, ——, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983). *See also, State v. Bad Heart Bull,* 257 N.W.2d 715 (S.D.1977) (for South Dakota language). A statute may be facially challenged if it affects "a substantial amount of constitutionally protected conduct." *Hoffman Estates v. Flipside,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 (1982). Additionally, a higher standard of certainty is required for a statute which imposes criminal sanctions. *Winters v. New York,* 333 U.S. 507, 515, 68 S.Ct. 665, 670, 92 L.Ed. 840, 849 (1948).

Here, appellant T.F. has not claimed a violation of his First Amendment rights, and unlike *Kolender,* —— U.S. at ——, 103 S.Ct. at 1859, 75 L.Ed.2d at 910, we fail to see any " 'potential for arbitrarily suppressing First Amendment liberties . . . .' " As we held in *State v. Vogel,* 315 N.W.2d 324, 326 (S.D.1982): "Since the statute in question does not encompass First Amendment rights, our review of the vagueness contention is confined to the specific facts of this case and does not entail every other possible scenario which might be applied."

On the facts herein, we have no difficulty holding that SDCL 22–42–15 survives appellant's vagueness attack. As we interpret SDCL 22–42–15, it is clearly limited to substances capable of creating intoxi-

cation. As appellant sets forth in his review of California law in his brief, examples of intoxicating substances include, but are not limited to, toluene, glue, dope, paint thinner, paint, solvents, and shellac thinner. Appellant T.F.'s harmful conduct of becoming intoxicated by inhaling paint fumes could be understood by the ordinary person as prohibited by SDCL 22–42–15. Likewise, we have not been confronted with an arbitrary and discriminatory enforcement of SDCL 22–42–15. *See also, In re P.B., Jr.,* 339 N.W.2d 121 (S.D.1983).

## II.

Appellant T.F. also asserts SDCL 22–42–15 is unconstitutionally overbroad. "Overbreadth, while closely related to vagueness, is nevertheless a separate constitutional concept. When a statute not only forbids conduct constitutionally subject to proscription, but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected, it is considered overbroad." *Vogel,* 315 N.W.2d at 327. As in void-for-vagueness challenges, " '[w]hen the statute challenged does not involve First Amendment freedoms, the challenge of overbreadth must be evaluated in the light of the facts of the case in which the issue is raised.' " *Vogel,* 315 N.W.2d at 327 (quoting *People v. Jackson,* 94 Mich.App. 24, 27, 287 N.W.2d 357, 359 (1980)).

Reviewing the facts herein, we are unable to conclude that SDCL 22–42–15 has swept into its ambit constitutionally protected actions.

Affirmed.

All the Justices concur.