PEOPLE of the State of South Dakota In the Interest of P.B., Jr., A Child, and Concerning P.B., Father.

No. 14001.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1983.

Decided Oct. 19, 1983.

Michael J. Williams, Asst. Atty. Gen., Pierre, for appellee, State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

George E. Grassby, Pennington County Public Defender, Rapid City, for appellant father, P.B.

HENDERSON, Justice.

## ACTION

On October 15, 1982, appellant P.B., Jr., a minor, was charged with inhalation of a substance in violation of SDCL 22–42–15. Appellant P.B., Jr. filed a motion to dismiss on October 26, 1982, claiming that SDCL 22–42–15 was unconstitutional. Subsequently, the motion to dismiss was denied and after an adjudicatory hearing, an order was entered on November 1, 1982, adjudicating appellant P.B., Jr. a delinquent child under SDCL 26–8–7. On December 7, 1982, pursuant to a dispositional hearing, the trial court entered an Order of Guardianship and Probation placing appellant P.B., Jr. on probation for an indefinite time. Appellant appeals from both orders. We affirm.

## FACTS

At 1:10 a.m. on October 14, 1982, a Rapid City, South Dakota law enforcement officer observed three juveniles sitting on the lawn beside appellant P.B., Jr.'s family home in Rapid City. From a distance of thirty feet, the officer illuminated the juveniles with his vehicle's spotlight and observed appellant P.B., Jr. holding a plastic bag containing gold paint. As the officer proceeded towards the juveniles, appellant P.B., Jr. threw the plastic bag in a nearby alley. The officer recovered the bag and apprehended appellant P.B., Jr. and another juvenile.

The officer detected a strong paint odor coming from appellant P.B., Jr.'s breath. Additionally, appellant P.B., Jr. had gold paint on his nostrils, lips, and fingers. The officer concluded appellant P.B., Jr. was intoxicated. During his career, the officer later testified he had observed 75–100 persons intoxicated via inhaling substances. Appellant P.B., Jr. was arrested and taken to West River Services Detoxification Center (Detox Center) where an employee familiar with inhalation intoxication cases also noticed the gold paint on P.B., Jr. and concluded he was intoxicated. Appellant P.B., Jr. had been observed at the Detox Center by the same employee on two prior occasions for inhalation intoxication.

## ISSUES

### I.

IS SDCL 22–42–15 UNCONSTITUTIONAL UNDER THE VOID–FOR–VAGUENESS DOCTRINE?

### II.

IS SDCL 22–42–15 UNCONSTITUTIONAL UNDER THE OVERBREADTH DOCTRINE?

## DECISION

### I.

SDCL 22–42–15 provides:

Any person who intentionally ingests, inhales, breathes or otherwise takes into the body any substance, except alcoholic beverages as defined in § 35–1–1, for purposes of becoming intoxicated, unless such substance is prescribed by a practitioner of the medical arts lawfully practicing within the scope of their practice, is guilty of a Class 1 misdemeanor.

Intoxication is defined in SDCL 22–1–2(19) as: "'Intoxication,' a disturbance of mental or physical capacities resulting from the introduction of substances into the body. Intoxication is not, in itself, a mental disease or defect." Until 1980, the State of California had a statute similar to SDCL

22–42–15 on its books. *See In re Juan G.,* 120 Cal.App.3d 766, 174 Cal.Rptr. 795 (1981).

■ We start from the premise that enactments of the legislature will be upheld unless they are clearly and unmistakenly unconstitutional. *State v. Crelly,* 313 N.W.2d 455 (S.D.1981). As the United States Supreme Court has recently held: "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* —— U.S. ——, ——, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983). *See also, State v. Bad Heart Bull,* 257 N.W.2d 715 (S.D.1977) (for South Dakota language). A statute may be facially challenged if it affects "a substantial amount of constitutionally protected conduct." *Hoffman Estates v. Flipside,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 (1982). Additionally, a higher standard of certainty is required for a statute which imposes criminal sanctions. *Winters v. New York,* 333 U.S. 507, 515, 68 S.Ct. 665, 670, 92 L.Ed. 840, 849 (1948).

Here, appellant P.B., Jr. has not claimed a violation of his First Amendment rights, and unlike *Kolender,* —— U.S. at ——, 103 S.Ct. at 1859, 75 L.Ed.2d at 910, we fail to see any " 'potential for arbitrarily suppressing First Amendment liberties . . . .' " As we held in *State v. Vogel,* 315 N.W.2d 324, 326 (S.D.1982): "Since the statute in question does not encompass First Amendment rights, our review of the vagueness contention is confined to the specific facts of this case and does not entail every other possible scenario which might be applied."

■ On the facts herein, we have no difficulty holding that SDCL 22–42–15 survives appellant's vagueness attack. As we interpret SDCL 22–42–15, it is clearly limited to substances capable of creating intoxication. As appellant sets forth in his review of California law in his brief, examples of intoxicating substances include, but are not limited to, toluene, glue, dope, paint

thinner, paint, solvents, and shellac thinner. Indeed, appellant P.B., Jr. admits in his brief that he has become "dependent with respect to inhalation of certain substances." Appellant P.B., Jr.'s harmful conduct of becoming intoxicated by inhaling paint fumes could be understood by the ordinary person as prohibited by SDCL 22–42–15. Likewise, we have not been confronted with an arbitrary and discriminatory enforcement of SDCL 22–42–15. *See also, In re T.F.,* 339 N.W.2d 124 (S.D.1983).

## II.

■ Appellant P.B., Jr. also asserts SDCL 22–42–15 is unconstitutionally overbroad. "Overbreadth, while closely related to vagueness, is nevertheless a separate constitutional concept. When a statute not only forbids conduct constitutionally subject to proscription, but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected, it is considered overbroad." *Vogel,* 315 N.W.2d at 327. As in void-for-vagueness challenges, " '[w]hen the statute challenged does not involve First Amendment freedoms, the challenge of overbreadth must be evaluated in the light of the facts of the case in which the issue is raised.' " *Vogel,* 315 N.W.2d at 327 (quoting *People v. Jackson,* 94 Mich.App. 24, 27, 287 N.W.2d 357, 359 (1980)).

Reviewing the facts herein, we are unable to conclude that SDCL 22–42–15 has swept into its ambit constitutionally protected actions.

We deem appellant's cruel and unusual punishment argument to be nonmeritorious.

Affirmed.

All the Justices concur.