STATE, Respondent v. SMITH, Appellant

(84 N.W.2d 247)

(File No. 9637. Opinion filed July 30, 1957)

**Robert J. Schumacher,** Rapid City, for Defendant and Appellant.

**Phil Saunders,** Atty. Gen., and **George W. Wuest,** Asst. Atty Gen., for Plaintiff and Respondent.

RUDOLPH, J. The defendant moved the court to arrest the judgment in this case after a verdict of guilty on the ground that the information fails to describe a public offense. The trial court overruled the motion and entered judgment. The defendant has appealed. We affirm the judgment.

The information is as follows:

"That, Wayne Smith late of said County, yeoman, on the 26th day of March, in the year of our Lord One Thousand Nine Hundred and Fifty-Six, within the County of Pennington and State of South Dakota, did commit the crime of Embezzlement as follows: That the said Wayne Smith on the 26th day of March, A.D. 1956, at Rapid City, in the County of Pennington and State of South Dakota did wilfully and unlawfully, and feloniously and fraudulently, appropriate property to his own use and purpose, belonging to George B. Parsons, to-wit: a 1954 Mercury Monterey four-door automobile, Serial No. 34 SL 11942 M, of the approximate value of $1,700.00, belonging to the said George B. Parsons and fraudulently appropriated by said defendant. Contrary to Section 13.4001, South Dakota Code of 1939."

Our statute SDC 13.4001 defines embezzlement as follows:

"Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted. A distinct act of taking is not necessary to constitute embezzlement, but any fraudulent appropriation, conversion, or use of property coming within the prohibitions of this chapter is sufficient."

The single issue raised is that the information is fatally defective because it fails to allege that the property alleged to have been embezzled had been "intrusted" to defendant.

The defendant did not demur to the information nor did he attempt to raise the question he now presents at any time before verdict.

■ It is a well-established rule of criminal procedure that on a motion in arrest of judgment the information will be liberally construed in favor of its validity. 23 C.J.S. Criminal Law § 1531; State v. Stone, 127 W.Va. 429, 33 S.E.2d 144; Livingston v. Commonwealth, 184 Va. 830, 36 S.E.2d 561; People v. Boryszewski, 317 Ill. App. 656, 47 N.E.2d 343; State v. Kimener, Ind., 132 N.E.2d 264.

■ SDC 34.3010(6) provides that an information is sufficient if it can be understood therefrom "That the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended." This

provision of our law violates no constitutional right of the defendant. State v. Morse, 35 S.D. 18, 150 N.W. 293; State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455.

■ The present information in the first instance charges the defendant with "embezzlement"; it describes the property alleged to be embezzled and the value thereof, and alleges this property belongs to a person other than the defendant, naming him; it then alleges that the defendant wilfully, unlawfully, and feloniously and fraudulently appropriated this property to his own use and purpose, contrary to SDC 13.4001, South Dakota Code of 1939.

We believe that the offense charged is "designated in such a manner as to enable a person of common understanding to know what was intended". We think it clear that this information apprised the defendant with reasonable certainty of the accusation against him so that he might prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense. State v. Sinnott, supra. True, it is not specifically alleged that the property was intrusted to the defendant, but it is alleged that the property was unlawfully and fraudulently appropriated by the defendant contrary to SDC 13.4001. Whatever may be the rule before verdict, we are convinced that in construing this complaint on a motion in arrest of judgment the liberal construction required in favor of validity, enjoins us to give consideration to the allegation that defendant's alleged acts were contrary to the specified statute, and to hold that the information, therefore, sufficiently alleges the property was intrusted to defendant. We are convinced that no substantial rights of the defendant have been prejudiced. SDC 34.3007.

The judgment appealed from is affirmed.

RENTTO and HANSON, JJ., concur.

SMITH, P.J., and ROBERTS, J., dissent.