STATE of South Dakota, Plaintiff and Appellee,

v.

Willis G. MOUTTET, Defendant and Appellant.

No. 14697.

Supreme Court of South Dakota.

Argued April 9, 1985.

Decided July 31, 1985.

Mark A. Moreno, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Randolph F. Stiles and Robert W. Swank of Hanson, Stiles, Anderson & Swank, Mitchell, for defendant and appellant.

WUEST, Acting Justice (on reassignment).

A jury found Willis G. Mouttet (Mouttet) guilty of failure to appear, in violation of SDCL 23A–43–31. Mouttet appeals from the judgment and three-year penitentiary sentence. We reverse.

On August 3, 1982, Mouttet was indicted by a Douglas County grand jury on four counts of grand theft by embezzlement. A warrant was issued for his arrest. On August 24, 1982, Mouttet initially appeared in circuit court with counsel and executed a bail bond which required him to appear (1) in Armour, South Dakota, when informed to do so by the presiding judge; and (2) at other places and times ordered by the court. On that day, Mouttet's attorney, Anthony Nanfito of Omaha, Nebraska (Nanfito), filed several motions on Mouttet's behalf.

Shortly thereafter, on September 7, 1982, Nanfito moved the court for permission to withdraw as Mouttet's attorney. The record does not reveal any order allowing the withdrawal. On October 20, 1982, the State moved the court to set a date certain for filing all pretrial motions and to schedule a trial date. The order, based on the latter motion, reads:

Pursuant to the above motion and SDCL 23A–8–4, it is

ORDERED that all pretrial motions in this case shall be filed on or before the 15th day of November, 1982, with appropriate notice given to counsel as provided by the South Dakota Code of Criminal Procedure. It is further

ORDERED that any pretrial motions filed will be heard on the 22nd day of November, 1982, at Olivet, South Dakota at 1:30 p.m., or as soon thereafter as counsel may be heard. It is further

ORDERED, that the trial in this matter is to commence on 28th day of December, 1982, at 9:15 a.m. at the Douglas County Courthouse, Armour, South Dakota.

Copies of the above order were promptly mailed to, and received by, Mouttet and his counsel. Neither Mouttet nor counsel appeared at the court hearing in Olivet, South Dakota. Mouttet excused his failure to appear on the grounds that he failed to open his mail containing the notice and that he subsequently turned over the entire file, including correspondence, to one Sykora, another attorney in the State of Nebraska, who he claims was looking after his affairs in South Dakota until he could find a replacement attorney to represent him.

Mouttet contends the October 25th order was invalid because the State failed to give him advance notice or input into its motion and proposed order; and because he was unable to resist the motion and proposed order due to the fact that his attorney had withdrawn from the case.

■ This issue was not presented to the trial court. Not having been preserved, the claim is not before us on appeal. We have repeatedly held that the trial court must be given an opportunity to correct any claimed error before this court will review it. *State v. Holter,* 340 N.W.2d 691 (S.D.1983); *State v. Holt,* 334 N.W.2d 47

(S.D.1983); *State v. Vogel*, 315 N.W.2d 324 (S.D.1982); *State v. Brim*, 298 N.W.2d 73 (S.D.1980).

Mouttet challenges the sufficiency of the information under which he was charged. The information contains the following language:

Willis Mouttet, having been released on bail pursuant to the provisions of SDCL 23A–30 et seq., did feloniously fail to appear before the circuit court as required by an Order issued by the circuit court judge on the 25·day of October, 1982.

▆▆▆ This information charged him with failure to appear under SDCL 23A–43–31. It is settled law in this state that an information is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against him, and (2) enables him to plead an acquittal of the conviction in bar of future prosecutions. *State v. Brown*, 285 N.W.2d 843 (S.D.1979); *State v. Lange*, 82 S.D. 666, 152 N.W.2d 635 (1967); *State v. Blue Fox Bar, Inc.*, 80 S.D. 565, 128 N.W.2d 561 (1964); *State v. Belt*, 79 S.D. 324, 111 N.W.2d 588 (1961); *State v. Smith*, 77 S.D. 5, 84 N.W.2d 247 (1957); *State v. Strauser*, 75 S.D. 266, 63 N.W.2d 345 (1954). The information is generally adequate if it follows the language of the statute or its equivalent. *Lange, supra.* The instant case employs the language of SDCL 23A–43–31 and meets the information requirements.

▆▆▆ The next issue is whether the trial court's order dated October 25, 1982, required Mouttet's appearance. There is nothing in the order in question requiring Mouttet's appearance on November 22, 1982. The pertinent portion reads as follows:

Order that any pretrial motions filed will be heard on the 22nd day of November, 1982, at Olivet, South Dakota at 1:30 p.m., or as soon thereafter as counsel may be heard.

Our bail-jumping statute, SDCL 23A–43–31, is patterned after the federal act.

There is, however, one significant difference between the two statutes. Under the federal act, 18 U.S.C.A. § 3150, the failure to appear as required must be willful. South Dakota omitted the willfulness provision, making any violation a strict liability crime. *Vogel, supra.*

In *United States v. DePugh*, 434 F.2d 548 (8th Cir.1970), the court held 18 U.S. C.A. § 3150 sufficiently definite to meet constitutional requirements stating: "Any possible ambiguity of the 'when required' provision for appearance is cured by the provision that the failure to appear must be willful." *Id.* at 551. The *DePugh* Court continued, stating: "A reasonable interpretation of the statute would contemplate that a defendant on bail be given reasonable notice as to any required court appearance. The government did all that it possibly could to give such notice." *Id.*

In *Vogel, supra,* we upheld a conviction for bail jumping where the state's attorney and trial judge notified the defendant of the trial date and the necessity of his appearance. We said: "Upon these facts, we hold that the 'as required' verbiage of SDCL 23A–43–31 gave appellant sufficient and fair notice of his requirement to appear at trial." 315 N.W.2d at 327. It is our opinion that due process mandates notice of appearance "as required." As to this, the order in this case is subject to attack for vagueness, just as SDCL 23A–43–31 was attacked in *Vogel,* and just as 18 U.S.C.A. § 3150 was attacked in *DePugh, supra.*

We do not contend that a defendant can fail to open his mail and thereby avoid notice, or absent himself so that he cannot be notified by mail or otherwise. *See United States v. Guerrero*, 517 F.2d 528 (10th Cir.1975); *DePugh, supra.* The order in the instant case, however, is so vague that to uphold a conviction for bail jumping thereunder would constitute a denial of due process. If the appellant chose to abandon his motions, should he have appeared? Could he have appeared by his attorney? Probably not, in this felony case, but would a lay person know that? Would the provision, "or as soon thereafter as counsel may

be heard," lead a layman to believe arrangements could be made between the lawyers for a later time? "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process." *State v. Bad Heart Bull*, 257 N.W.2d 715, 720 (S.D.1977), *quoted* in *Vogel, supra.*

The trial court's order in the instant case fits that definition. Possibly, Mouttet was manipulating the system; but he is still entitled to due process.

Accordingly, we reverse the decision of the trial court.

WOLLMAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., and MORGAN, J., dissent.

FOSHEIM, Chief Justice (dissenting).

I dissent. We cannot conclude as a matter of law that the trial court's interpretation of its order was erroneous. The order covered motions filed by Mouttet on August 24, 1984, and thus on file when the order was issued, as well as those motions that were filed after the order. Since Mouttet had motions pending, he was required to appear at the hearing scheduled November 22, 1982.

The order specified (1) "... that all pretrial motions in this case shall be filed on or before the 15th day of November, 1982, ..." and (2) "... that *any* pretrial motions filed will be heard on the 22nd day of November, 1982...." (Emphasis added.) The language clearly states that any pretrial motions filed by November 15, 1982, would be heard on November 22, 1982. Mouttet was present at his August 24, 1982, hearing. He therefore knew that pre-trial motions were filed that day on his behalf. Further, these motions remained outstanding and undecided through the deadline date of November 15, 1982. Thus, Mouttet was required to appear at the November 22, 1982, hearing pursuant to the court's order. A contrary interpretation would mean that the court intended either to ignore the pretrial motions filed on August 24, 1982, or alternatively, to schedule a separate pretrial hearing in regard to the August 24, 1982, motions. The record reveals nothing to indicate such an intention. Mouttet was playing games with the court. Consequently, the trial court's decision should be affirmed because the order clearly compelled Mouttet's appearance at the November 22, 1982, hearing.

Mouttet also contends that he was entitled to instructions on his "mistake of fact" defense and that the trial court erred in refusing his proposed instructions numbered 6 and 12 which embodied that defense. In response, the State argues that, in view of the strict liability aspect of SDCL 23A-43-31, the trial court properly refused the offered mistake of fact instructions. The majority opinion appears to avoid this issue.

In *State v. Vogel*, 315 N.W.2d 324 (S.D. 1982), we held that Failure to Appear is a strict liability crime. The appellant's state of mind is irrelevant.

This Court has previously upheld the Legislature's prerogative to create strict liability crimes. *State v. Nagel*, 279 N.W.2d 911 (S.D.1979) (securities laws); *State v. Martin*, 85 S.D. 587, 187 N.W.2d 576 (1971) (securities laws); *State v. Fulks*, 83 S.D. 433, 160 N.W.2d 418 (1968) (statutory rape). The common thread that runs through these decisions is that the strict liability aspect to the crimes involved were enacted in accord with, and designed to maintain, the welfare of the public. We are convinced that the strict liability aspect of SDCL 23A-43-31 was enacted by the Legislature to insure *that our judicial tribunals are capable of functioning in an orderly manner, that is, to promote public welfare by allowing for the effective and timely administration of justice. A toleration of missed court appearances would bring chaos to the courts. We note that the State of New York has upheld its strict liability bail-jumping laws. See People v. DeRigo,*

66 A.D.2d. 919, 410 N.Y.S.2d 728, 729 (1978).

*Vogel,* at 326 (emphasis added). It follows the court did not err in refusing Mouttet's proposed instructions 6 and 12.

I am hereby authorized to state that Justice Morgan joins in this dissent.