STATE of South Dakota, Plaintiff
and Appellee,

v.

Mervin Troy WATERS, Defendant
and Appellant.

No. 18734.

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1994.

Decided April 5, 1995.

Mark Barnett, Atty. Gen., Patricia J. Froning, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Michael E. Unke of Unke Law Office, Salem, for defendant and appellant.

---

PER CURIAM.

A jury convicted Mervin Troy Waters ("Waters") of aggravated assault. SDCL 22–18–1.1. He contends that the information was defective and that the jury should have been instructed on simple assault. We affirm.

### FACTS

On Halloween night in 1993, twenty-six-year-old Waters and three companions drove to Bridgewater where they began shooting bottle rockets and firecrackers out of their car. Fifteen-year-old A.L., her brother, Todd, and two other individuals saw the activity coming from Waters' car and thought the fireworks were deliberately being shot at young children. They began to pelt the car with eggs, a Halloween tradition in Bridgewater.

Waters slammed on his brakes and stopped in the middle of the street. His cohorts got out of the car and began chasing A.L. and her companions. Waters yelled for his gun. He took the .12 gauge shotgun, slammed the action shut making a noise A.L. and her friends heard, and made a couple pumping actions before chasing the group.

A.L. froze. She testified she was in a state of shock and thought she was going to lose her life by being shot in the back. When Todd came back to get her, Waters ordered them to get up against a nearby wall. Their two companions came back and were ordered to do the same with their legs spread and backs to Waters. They were afraid.

Waters told them that he was a badged police officer (he is not) and that they were in trouble for egging the car. He marched them to a car wash. He followed with the shotgun in hand. After the car was washed he told them that 'lead would fly' if this ever happened again. At trial, Waters denied pointing his gun at anyone.

I. DID THE TRIAL COURT ERR IN DENYING WATERS' MOTION TO DISMISS BECAUSE THE INFORMATION DID NOT CONTAIN THE NAMES OF THE VICTIMS?

The information in this case alleged that Waters:

did commit the public offense of Aggravated Assault (SDCL 22–18–1.1) in that [he] did willfully and unlawfully attempt by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm, to-wit: by removing a shotgun from his car, cocking it, and pointing the shotgun at one or more individuals and forcing the individuals to stand up against the wall with their legs spread, . . .

The victims (who had been identified at the preliminary hearing) were named as witnesses on the back of the information. Because the charging portion of the information did not identify the victims, Waters contends that it did not apprise him of the charges against him and was, therefore, fatally defective.

The information "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." SDCL 23A–6–4. "It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement." *Id.*

An indictment or information is sufficient if it can be understood therefrom:

(1) That it is entitled in a court having authority to receive it, although the name of the court is not stated;

(2) That the indictment was found by a grand jury of the county in which the public offense was committed;

(3) That the defendant is named or, if his name is unknown, that he is described by a fictitious name with a statement that his true name is unknown to the grand jury or prosecuting attorney;

(4) That the offense charged was committed within the jurisdiction of the county; and

(5) That the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended.

SDCL 23A–6–7.

The information in this case meets these requirements. In *State v. Kleinsasser*, 436

N.W.2d 279, 281 (S.D.1989), we held that failure to name the victim in the information, among other things, is not a fatal flaw:

It is settled law in this state that an indictment or information is sufficient if it (1) contains the elements of the offense charged, and informs him of the charge against him, and (2) enables the defendant to plead an acquittal of the conviction and bar future prosecutions. *State v. Reutter,* 374 N.W.2d 617 (S.D.1985); *State v. Mouttet,* 372 N.W.2d 121 (S.D.1985). It is no longer necessary that detailed particulars of a crime charged be stated in the indictment. An indictment is generally deemed adequate if it follows the language of the criminal statute or its equivalent. *Reutter, supra; Mouttet, supra; State v. Logue,* 372 N.W.2d 151 (S.D.1985). It is sufficient to allege the crime in the language of the statute and it is not necessary to state the particular details of the crime.

The decision whether to grant or deny a motion to dismiss an indictment is within the sound discretion of the trial judge. That decision will be reversed on appeal only where there has been an abuse of discretion. After a careful review of the indictment filed in this case, we find that the requirements set out above were satisfied. The indictment employs the requisite statutory language. Therefore, the trial court did not err in denying Kleinsasser's motion to dismiss the indictment[.]

The same is true in this case. There was no abuse of discretion in the trial court's decision denying Waters' motion to dismiss the information.

## II. DID THE TRIAL COURT ERR BY REFUSING TO INSTRUCT ON SIMPLE ASSAULT AS A LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT?

■ Waters also claims he was entitled to an instruction on a lesser included offense. He was charged and convicted under SDCL 22–18–1.1(5) which defines aggravated assault as an "[a]ttempt[ ] by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm." He proposed a lesser included offense instruction under SDCL 22–18–1(4) which includes an "[a]ttempt[ ] by physical means to put another in fear of imminent serious bodily harm, with or without the actual ability to seriously harm the other person."

■ This Court has approved a legal and factual test for determining whether the trial court should have submitted a lesser included offense instruction to the jury. *State v. Tapio,* 459 N.W.2d 406 (S.D.1990). In this case, both Waters and the State agree that the legal test has been met. Consequently, our review focuses on the factual test.

Where a request has been made to charge the jury on a lesser-included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser charge, refusal to give the requested instruction would be reversible error.... There must be *sufficient* evidence, however, when read in the light most favorable to the defendant, which would justify a jury in concluding that the greater offense was not committed *and* that a lesser offense was, in fact, committed.

*Id.* at 408–409 (emphasis in original) (citations omitted). The evidence must throw doubt upon the greater offense. *Id.*

The factual test was not met in this case. It is undisputed that Waters used a shotgun, a deadly weapon for the purpose of this offense, during this incident. Whether he pointed it at the victims and it was loaded or unloaded makes no difference. *State v. Stapleton,* 387 N.W.2d 28 (S.D.1986); *State v. Heumiller,* 317 N.W.2d 126 (S.D.1982). *See State v. Schmiedt,* 525 N.W.2d 253 (S.D.1994) (rejecting lesser included offense of attempted aggravated assault based on defendant's claim he did not point gun at officer). Having admitted that a shotgun was involved, Waters was not entitled to an instruction on simple assault as a lesser included offense.

We affirm.

MILLER, C.J., SABERS, AMUNDSON, and KONENKAMP, JJ., and WUEST, Retired Justice, participating.