#26396-a-GAS

**2013 S.D. 23**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

ERNEST ALBERT FISHER, JR.,                Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
AURORA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE SEAN M. O'BRIEN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


CHRIS A. NIPE of
Larson and Nipe
Mitchell, South Dakota                    Attorneys for defendant
                                          and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2013

OPINION FILED **03/13/13**

SEVERSON, Justice

[¶1.] Defendant was retried on multiple rape and sexual contact offenses against his daughter after his 2008 conviction was overturned on direct appeal. A jury found Defendant guilty on all charges and he was sentenced by the trial court to sixty years in the penitentiary. Defendant appeals.

BACKGROUND

[¶2.] An overview of the factual history of this case is set forth in *State v. Fisher (Fisher 1)*, 2010 S.D. 44, 783 N.W.2d 664. On September 19, 2008, Ernest Albert Fisher, Jr. was convicted of one count of first-degree rape, five counts of third-degree rape, and two counts of sexual contact with a child under the age of sixteen. He was sentenced to sixty years in the penitentiary, with five years suspended, for the first-degree rape conviction; fifteen years, with five years suspended, for three of the third-degree rape convictions; and twenty-five years, with five years suspended, for the two remaining third-degree rape convictions and the two sexual contact with a child convictions. *Fisher 1*, 2010 S.D. 44, ¶ 11, 783 N.W.2d at 668-69. The sentences were to run concurrently with the sentence for first-degree rape. *Id.*

[¶3.] Defendant appealed. On appeal, we considered whether the trial court erred when it (1) excluded third-party perpetrator evidence; (2) allowed evidence of Defendant's uncharged sexual acts against his daughter; (3) admitted the cover of a sexually explicit DVD found in Defendant's home; and (4) admitted evidence of his 1994 conviction for sexual contact with a child. *Id.* We held that the trial court did not abuse its discretion when it excluded third-party perpetrator evidence and

admitted the cover of a sexually explicit DVD. *Id.* ¶¶ 11, 15. Additionally, we concluded that the court erred in holding that evidence of Defendant's uncharged sexual acts was permitted as res gestae evidence, but determined that the testimony was admissible under SDCL 19-12-5 (Rule 404(b)) and was not unfairly prejudicial under SDCL 19-12-3 (Rule 403). *Id.* ¶¶ 19, 21. Finally, we reversed and remanded for a new trial because the trial court abused its discretion when it admitted evidence of Defendant's prior conviction for sexual contact with a child. *Id.* ¶ 31.

[¶4.] While awaiting the outcome of his appeal, Defendant asked his brother-in-law, Tyler Dobras, who was also an inmate at the penitentiary, to write a letter discrediting Defendant's daughter, I.F. Dobras complied. Dobras also signed a sworn affidavit containing the same allegations as the letter.[1] The affidavit jurat was signed by defense counsel acting as a notary, who was unaware that the allegations in the affidavit were false. Thereafter, the allegations in the affidavit were shown to be false, and Dobras was convicted of perjury, and Defendant was convicted of subornation of perjury.

[¶5.] Prior to Defendant's new trial, the parties filed several motions with the trial court.[2] Among them was the State's notice of intent to introduce evidence

---

1. The affidavit indicated that I.F. "lied about [Defendant] raping her because she didn't want to live with him anymore because he wouldn't let her do anything."

2. One of these motions was Defendant's motion for co-counsel, which was granted by the trial court.

of Defendant's subornation of perjury conviction.[3]  Defendant objected, complaining that it was not relevant, was prejudicial, and had occurred after the original conviction, but before we decided his appeal—a time when he was desperate. Defendant also filed a motion to suppress his criminal record, including his subornation of perjury conviction.  The trial court issued a memorandum decision ruling that evidence of Defendant's subornation of perjury conviction would be allowed so long as the State adhered to explicit restrictions established by the trial court.[4]

[¶6.]    Additionally, before the new trial, the trial court informed the parties that the title on various charges in the indictment stated the wrong degree of rape. The parties discussed the matter with the court on the first day of trial.  The prosecutor explained to the court that the error was due in part to revisions made to SDCL 22-22-1, effective July 1, 2006.  He informed the court that the indictment

---

3.    The State intended to introduce this evidence in its case-in-chief through Dobras.  The State argued that the evidence was admissible to show consciousness of guilt.  The State also sought to introduce this evidence to impeach Defendant's credibility if Defendant testified.

4.    Specifically, the trial court ruled that the State would be allowed to discuss Defendant's act of fabricating evidence, but would not be allowed to (1) refer to Defendant's former trial or conviction, (2) refer to our decision in *Fisher 1*, (3) explain the process of moving for a new trial based on new evidence, the purpose for which Defendant sought the false affidavit, (4) call defense counsel as a witness, or (5) discuss Defendant's subornation of perjury conviction.  The trial court also ordered that defense counsel's name be redacted from the affidavit if the affidavit was presented as an exhibit. Additionally, if the State sought to present evidence regarding Defendant's subornation of perjury conviction for impeachment purposes, the State would be permitted to cross-examine Defendant about his conviction, the crime for which he was convicted, and the fact that the felony involved dishonesty and a false statement, but it was not allowed to cross-examine the Defendant in detail about the facts surrounding the conviction.

was the same indictment that was used in *Fisher1*, and he admitted that prior to going to the grand jury, he realized some of the offenses in the indictment occurred before the language of the statute changed. According to the prosecutor, he hastily changed the title of all the charges containing "Third" to "Fourth" even though Counts 5 and 6 should have been charged as fourth-degree rape. Despite this error, the indictment was read correctly to the jury and the court gave the jury instructions, which correctly described the degree of rape in Counts 5 and 6.

[¶7.] The matter was tried to a jury on February 15, 2012 through February 17, 2012. The jury found Defendant guilty of all the charges. Again, the trial court sentenced Defendant to sixty years in the penitentiary, with five years suspended, for the first-degree rape conviction; fifteen years, with five years suspended, for three of the third-degree rape convictions; and twenty-five years, with five years suspended, for the two remaining third-degree rape convictions and the two sexual contact with a child convictions. The sentences were to run concurrently with the first-degree rape sentence. Defendant filed a motion for a new trial asserting the same issues as he raises in this appeal. The trial court denied Defendant's motion.

[¶8.] Defendant appeals. He argues that the trial court erred when it (1) excluded third-party perpetrator evidence; (2) allowed evidence of Defendant's uncharged sexual acts against I.F.; (3) admitted the cover of a sexually explicit DVD; (4) admitted evidence pertaining to his subornation of perjury conviction; and (5) denied Defendant's motion to dismiss based on a defective indictment. Although we addressed Issues (1) through (3) in *Fisher1*, Defendant invites this Court to reconsider its decision. Since our decision in *Fisher1*, neither the facts nor the law

have changed. As a result, we decline to revisit these issues in this appeal because they were raised and resolved in *Fisher1*.

## STANDARD OF REVIEW

[¶9.] Trial courts are granted broad discretion "in deciding whether to admit or exclude evidence." *State v. Jucht*, 2012 S.D. 66, ¶ 43, 821 N.W.2d 629, 639 (quoting *Ronan v. Sanford Health*, 2012 S.D. 6, ¶ 8, 809 N.W.2d 834, 836). Accordingly, "[a] trial court's evidentiary rulings are presumed to be correct and are reviewed under the abuse of discretion standard." *State v. Hannemann*, 2012 S.D. 79, ¶ 19, 823 N.W.2d 357, 362 (citing *State v. Harris*, 2010 S.D. 75, ¶ 8, 789 N.W.2d 303, 307). Likewise, "[t]he decision whether to grant or deny a motion to dismiss an indictment is within the sound discretion of the trial judge." *State v. Waters*, 529 N.W.2d 586, 588 (S.D. 1995) (quoting *State v. Kleinsasser*, 436 N.W.2d 279, 281 (S.D. 1989)). On appeal, we will not reverse that decision unless there has been an abuse of discretion. *State v. Carothers*, 2006 S.D. 100, ¶ 8, 724 N.W.2d 610, 615-16 (citing *State v. Vatne*, 2003 S.D. 31, ¶ 8, 659 N.W.2d 380, 383). "An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." *State v. Roach*, 2012 S.D. 91, ¶ 37, 825 N.W.2d 258, 268 (quoting *State v. Fisher*, 2011 S.D. 74, ¶ 32, 805 N.W.2d 571, 578).

## DISCUSSION

[¶10.] **Whether the trial court abused its discretion by admitting evidence pertaining to Defendant's subornation of perjury conviction.**

[¶11.] The State sought to admit evidence of Defendant's subornation of perjury conviction as evidence of Defendant's consciousness of guilt.[5] The trial court found that Defendant's subornation of perjury conviction was more appropriately characterized as fabricating evidence in an attempt to conceal his crime, and ruled that such evidence was admissible, subject to several restrictions established by the court.

[¶12.] In analyzing whether this evidence was admissible, the trial court noted that numerous courts have ruled that a defendant's attempt to fabricate evidence is admissible other act evidence under Rule 404(b), while others have held that the evidence is admissible as an admission under Rule 801(d)(2). The court ruled that evidence of Defendant's attempt to fabricate evidence was relevant to Defendant's consciousness of guilt, but it is unclear whether the court found it was admissible other act evidence or an admission of guilt. Nevertheless, the court performed the requisite balancing under SDCL 19-12-3 (Rule 403), and ruled that any prejudice did not substantially outweigh the evidence's probative value.

[¶13.] Defendant contends the court erred when it allowed the State to introduce this evidence because it was not relevant. Further, Defendant argues that if it was relevant, the evidence was substantially more prejudicial than probative in that it denied him his due process rights to (1) testify on his own behalf and (2) confront adverse witnesses.

---

5.  The State also sought to admit evidence of Defendant's subornation of perjury conviction to impeach Defendant. The trial court granted this motion subject to several restrictions. On appeal, Defendant does not challenge this decision.

[¶14.] Defendant's act of fabricating evidence in an attempt to conceal his crime is admissible as other act evidence under SDCL 19-12-5 (Rule 404(b)). "SDCL 19-12-5 (Rule 404(b)) provides that evidence of other acts is not admissible to prove character of a person, but is admissible for other purposes[.]" *State v. Bruce*, 2011 S.D. 14, ¶ 8, 796 N.W.2d 397, 401. "The other act evidence must be relevant to a material issue in the case, and 'the probative value of the evidence [must not be] substantially outweighed by its prejudicial effect.'" *State v. Toohey*, 2012 S.D. 51, ¶ 20, 816 N.W.2d 120, 129 (alterations in original) (quoting *State v. Wright*, 1999 S.D. 50, ¶ 17, 593 N.W.2d 792, 800).

[¶15.] "Evidence does not cause danger of unfair prejudice merely because its legitimate probative force damages the defendant's case." *Bruce*, 2011 S.D. 14, ¶ 8, 796 N.W.2d at 401. Instead, "[t]o cause unfair prejudice, the evidence must persuade the jury in an unfair and illegitimate way." *Fisher*, 2011 S.D. 74, ¶ 33, 805 N.W.2d at 578 (quoting *St. John v. Peterson*, 2011 S.D. 58, ¶ 16, 804 N.W.2d 71, 76). "The party objecting to the admission of evidence has the burden of showing the probative value of the evidence is substantially outweighed by its prejudicial effect." *Id.*

[¶16.] Several courts have found that fabrication of evidence is admissible as demonstrating consciousness of guilt. *See State v. DeGroot*, 430 N.W.2d 290, 294-95 (Neb. 1988) (holding that the trial court did not abuse its discretion in admitting evidence of the defendant's attempt to procure false testimony because it was relevant to defendant's consciousness of guilt); *State v. Pokorney*, 235 P.3d 409, 413 (Id. Ct. App. 2010) (stating that fabrication of evidence is relevant to demonstrate

defendant's consciousness of guilt); *Johnson v. State*, 263 S.W.3d 405, 426 (Tex. Ct. App. 2008) (holding that the trial court would not have erred in finding evidence that the defendant solicited false testimony in an attempt to establish an alibi probative of the defendant's consciousness of guilt).

[¶17.] Likewise, this Court has found a defendant's attempt to fabricate evidence admissible as evidence of his consciousness of guilt in *State v. Thompson*, 71 S.D. 319, 24 N.W.2d 10 (1946). In *Thompson*, the defendant instructed a veterinarian to provide false testimony at the defendant's first trial and the veterinarian complied. *Id.* at 334-35. A second trial was held. *Id.* The veterinarian was called as a witness for the State, and testified that his prior testimony was false. *Id.* On appeal, this Court analyzed whether the veterinarian's testimony at the second trial was admissible as part of the state's case-in-chief. *Id.* at 335. The Court ruled that the evidence was admissible as an indication of the defendant's consciousness of guilt stating:

> It is generally held that an attempt to fabricate evidence is receivable as evidence of one's guilt of the main facts charged. . . . [Defendant's] fabrication . . . of evidence . . . is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit.

*Id.* at 335.

[¶18.] Here, Defendant solicited Dobras to fabricate a story whereby I.F. purportedly admitted to Dobras that she lied about her sexual abuse allegations against Defendant. Those allegations form the basis of the present charges against Defendant. Defendant's act of soliciting Dobras to fabricate a story discrediting I.F.

suggests an attempt to evade justice and indicates Defendant is conscious his case is weak, making it more probable that Defendant committed the crimes charged. Thus, contrary to Defendant's assertion, this evidence was relevant to the issue of Defendant's guilt.

[¶19.] Further, any prejudice is substantially outweighed by the evidence's probative value. Defendant argues that the evidence is prejudicial despite the explicit restrictions established by the trial court. According to Defendant, he would be forced to testify about the first trial, his conviction, and his sentence, and thereby prejudice himself, in order to explain his actions, e.g., the fact that he was desperate. Thus, Defendant maintains that he was effectively denied the right to testify on his behalf. Further, Defendant contends that the court's ruling violated the Confrontation Clause on the basis that defense counsel was in an "ethical dilemma," preventing him from effectively cross-examining Dobras because defense counsel "unknowingly participated in the conviction." We disagree.

[¶20.] First, Defendant's act of fabricating evidence does not persuade the jury by illegitimate and unfair means. As a result, the evidence is not unfairly prejudicial even though it may be prejudicial to Defendant's case. Moreover, as the trial court found, Defendant's alternative explanations for his actions go to the weight of the evidence, not its admissibility. *See Pokorney*, 235 P.3d at 414 (stating that "the alternative explanation generally goes to the weight, not admissibility, of the evidence"). Therefore, Defendant's concern regarding his inability to present an explanation for his actions is irrelevant in this context.

[¶21.] Finally, Defendant's argument that he was unable to effectively cross-examine Dobras is without merit. "[T]he United States Constitution and the South Dakota Constitution provide the right to confront and cross-examine the witnesses against a criminal defendant." *State v. McKinney*, 2005 S.D. 73, ¶ 18, 699 N.W.2d 471, 478 (citation omitted). "However, this does not mean that the cross-examination must be exactly as a defendant wants it. '[T]he Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id.* ¶ 21 (quoting *Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S. Ct. 2658, 2664, 96 L. Ed. 2d 631, 643 (1987)).

[¶22.] Here, the trial court established several safeguards to address Defendant's concerns regarding his confrontation rights, and granted Defendant's motion for co-counsel, as well. Defendant was never denied the opportunity to cross-examine Dobras. Additionally, any concerns regarding defense counsel's inability to cross-examine Dobras because of an alleged ethical dilemma were obviated when the trial court granted Defendant's motion for co-counsel. Therefore, the issues raised by Defendant were properly addressed by the trial court. Because any prejudicial effect was substantially outweighed by the probative value of the evidence, the trial court's admission of the evidence was not an abuse of discretion.

[¶23.] **Whether the trial court abused its discretion by denying Defendant's motion to dismiss Counts 2, 3, 5, and 6 of the indictment.**

[¶24.] Defendant next argues that the trial court abused its discretion by denying his motion to dismiss Counts 2, 3, 5, and 6 of the indictment on the grounds that these counts were either duplicitous or incorrectly stated the law. Defendant

suggests these errors were fatal, precluding a conviction from being entered on these counts.

*Counts 2 and 3*

[¶25.] Counts 2 and 3 of the indictment allege that Defendant violated SDCL 22-22-1(5) because he committed an act of sexual penetration with I.F. while I.F. was less than sixteen years of age. The indictment asserts that these violations took place either on or between May 2006 and August 2006. On July 1, 2006, SDCL 22-22-1 was amended.[6] As a result of this amendment, Defendant maintains that he could have been convicted of third-degree rape, a Class 3 felony, if the jury determined that he committed the act of sexual penetration with I.F. before July 1, 2006. On the other hand, if the jury determined that he committed the act of sexual penetration with I.F. after July 1, 2006, Defendant maintains that he could have been convicted of first-degree rape, a Class C felony. Therefore, Defendant contends that Counts 2 and 3 are duplicitous because they combine two charges into one count.

[¶26.] "Whether an indictment is . . . duplicitous is a question of law reviewed de novo." *State v. Muhm*, 2009 S.D. 100, ¶ 18, 775 N.W.2d 508, 514 (citations omitted). "'Duplicity' is the joining in a single count of two or more distinct and separate offenses." *Id.* ¶ 19 (citing 1 Nancy Hollander et al., *Wharton's Criminal Procedure* § 5:12 (14th ed. 2008)). Defendant's argument is without merit.

---

6. Hereinafter, pre-amendment SDCL 22-22-1 will be referred to as the "old law" and post-amendment SDCL 22-22-1 will be referred to as the "new law."

[¶27.] The victim, I.F., was twelve years old during the specified timeframe. For Defendant to be charged with first-degree rape, the State would have been required to prove that the act occurred after July 1, 2006. The State, however, was unable to prove with specificity when the act occurred. Accordingly, the State declined to charge Defendant with first-degree rape, and instead proceeded under the old law, charging Defendant with violating SDCL 22-22-1(5), third-degree rape. The indictment never charged Defendant with first-degree rape. Therefore, contrary to Defendant's assertion, the indictment was not duplicitous. Moreover, even if the indictment was duplicitous, Defendant was not prejudiced because the court properly instructed the jury that Defendant was charged with third-degree rape, and sentenced Defendant under the terms of the old law. *See* SDCL 23A-6-14 (explaining that an indictment is not insufficient nor can a trial, judgment, or proceeding be affected by a defective indictment unless the defendant's substantial rights are prejudiced). Thus, the trial court did not err in denying Defendant's motion to dismiss Counts 2 and 3 of the indictment.

*Counts 5 and 6*

[¶28.] Counts 5 and 6 of the indictment allege Defendant violated SDCL 22-22-1(5). According to the indictment, Defendant committed these violations after July 1, 2006; thus, Defendant should have been charged with fourth-degree rape, a Class 3 felony. However, the State accidentally crossed out "Fourth" and changed it to "Third" before the indictment was presented to the grand jury. As a result of these errors, Defendant argues that the charges should have been dismissed because the indictment incorrectly stated the law and could not be amended before

trial.[7] Whether an indictment is sufficient is a question of law reviewed de novo. *State v. Goodroad*, 521 N.W.2d 433, 434-36 (S.D. 1994).

[¶29.] "An indictment is sufficient if it contains the elements of the offense charged such that it apprises the defendant with reasonable certainty of the accusations against him, and it must enable him to plead an acquittal of conviction as a bar to future prosecutions for the same offense." *State v. Smith*, 1999 S.D. 83, ¶ 25, 599 N.W.2d 344, 350 (quoting *State v. Darby*, 1996 S.D. 127, ¶ 8, 556 N.W.2d 311, 315). "[T]he test for the sufficiency of an indictment is whether it is designated in such a manner to enable a person of common understanding to know what was intended." *State v. Younger*, 453 N.W.2d 834, 840 (S.D. 1990) (alteration in original) (quoting *State v. Logue*, 372 N.W.2d 151, 155 (S.D. 1985)). Generally, "an indictment is . . . sufficient if it employs the language of the statute." *State v. Hoeft*, 1999 S.D. 24, ¶ 21, 594 N.W.2d 323, 327 (citing *Goodroad*, 521 N.W.2d at 435-36; *State v. Sprik*, 520 N.W.2d 595, 598 (S.D. 1994)).

[¶30.] In this case, the language of the indictment enabled Defendant to know what was intended. It employed the language of the statute and provided Defendant adequate notice of the crime charged. Therefore, the indictment was sufficient.

[¶31.] Nonetheless, even if the indictment was defective, it was not fatally defective as suggested by Defendant. A defect in an indictment is cured if the

---

7. Defendant is incorrect when he argues that the indictment could not be amended before trial. Although a trial court cannot amend an indictment in any material respect, an indictment may be amended as to matters of form. *See State v. Anderson*, 1996 S.D. 46, ¶ 11, 546 N.W.2d 395, 398. The revision in this case was an amendment as to the form of the indictment.

indictment "sets forth the proper statute, the jury instructions set forth all the essential elements of the offense, and the State proves all the essential elements at trial." *State v. Anderson*, 1996 S.D. 46, ¶ 13, 546 N.W.2d 395, 399 (quoting *State v. Lodermeier*, 481 N.W.2d 614, 619 (S.D. 1992)).

[¶32.] Here, the indictment set forth the statute which Defendant violated. Moreover, the indictment, when read to the jury, properly charged Defendant with fourth-degree rape, and the jury instructions correctly described the degree for all counts, including Counts 5 and 6. Finally, the State proved all the essential elements of the offense at trial. Thus, even if the indictment was defective, the trial court cured the defect. The trial court correctly determined that the error was not fatal, and did not abuse its discretion by denying Defendant's motion to dismiss Counts 5 and 6 of the indictment.

## Conclusion

[¶33.] Evidence of Defendant's act of fabricating evidence was relevant to Defendant's consciousness of guilt, and any prejudicial effect was substantially outweighed by the probative value of the evidence. Furthermore, contrary to Defendant's contention, the indictment was not fatally defective because it was neither duplicitous nor failed to apprise Defendant of the charges against him. Accordingly, the trial court did not abuse its discretion by admitting evidence pertaining to Defendant's subornation of perjury conviction and denying Defendant's motion to dismiss.

[¶34.] Affirmed.

#26396

[¶35.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and

WILBUR, Justices, concur.