#26477-rev & rem-GAS

**2013 S.D. 43**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,  Plaintiff and Appellant,

v.

MICHAEL CLEMENTS,  Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE SCOTT P. MYREN
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota  Attorneys for plaintiff
and appellant.


MARSHALL C. LOVRIEN of
Bantz, Gosch, & Cremer, LLC
Aberdeen, South Dakota  Attorneys for defendant
and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MARCH 18, 2013

OPINION FILED **06/12/13**

SEVERSON, Justice

[¶1.]     The State charged Michael Clements with bigamy. The trial court dismissed the information against Clements, concluding that bigamy is legally impossible to commit in South Dakota. The State appeals the dismissal. We reverse and remand.

## BACKGROUND

[¶2.]     The facts in this case are undisputed. Michael Clements married Kristi Anderson in Ashley, North Dakota on December 6, 2009. Anderson filed for divorce from Clements on April 15, 2011. Before the divorce was finalized, on June 14, 2011, Clements and Alicia Bjerke applied for and were granted a marriage license in Brown County, South Dakota. On the same day, Clements and Bjerke participated in a marriage ceremony at the Brown County Clerk of Courts office. Both Clements and Bjerke consented to participate in the ceremony, and a solemnization of the ceremony occurred. The marriage license was filed with the Brown County Register of Deeds on June 15, 2011.

[¶3.]     On August 4, 2011, the State charged Clements with bigamy in violation of SDCL 22-22A-1. On November 10, 2011, Clements moved to dismiss the complaint, arguing that the State failed to state a public offense. The trial court held a hearing on November 29, 2011. The trial court then granted the motion to dismiss via a memorandum decision, which was withdrawn on February 1, 2012, because of the trial court's mistaken understanding that the parties had stipulated to the facts stated in the memorandum decision.

[¶4.] The State filed an information on January 30, 2012, again charging Clements with bigamy in violation of SDCL 22-22A-1. Clements was arraigned on March 6, 2012, and pleaded not guilty to the charge of bigamy. Clements again moved to dismiss on March 6, 2012. A statement of stipulated facts was entered by both parties on March 14, 2012. The trial court again granted the motion to dismiss by memorandum decision on June 1, 2012 and filed findings of fact and conclusions of law in the case on August 20, 2012. The trial court filed an order granting the motion to dismiss on August 29, 2012, and an amended order granting the motion to dismiss on September 4, 2012, based on the failure to state a public offense in violation of SDCL 23A-8-2(5).

[¶5.] The State appeals, arguing that the trial court erred in granting the motion to dismiss the information under SDCL 23A-8-2(5).

## STANDARD OF REVIEW

[¶6.] The sufficiency of an indictment or information is a question of law, which we review de novo. *State v. Fisher*, 2013 S.D. 23, ¶ 28, 828 N.W.2d 795, 803 (citing *State v. Goodroad*, 521 N.W.2d 433, 434-36 (S.D. 1994)). We review a trial court's interpretation of a statute de novo because the interpretation of a statute is a question of law. *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17).

## DISCUSSION

[¶7.] SDCL 22-22A-1 prohibits bigamy and makes it a criminal offense. That statute provides:

> Any person who, while married to another presently living person, marries any other person, is guilty of bigamy. The provisions of this section do not apply to:
>
> > (1) Any person, if that person's husband or wife has been absent for five successive years and is not known to be living by such person;
> >
> > (2) Any person, if that person's husband or wife has absented himself or herself from such spouse by being outside the United States, continuously for at least five years;
> >
> > (3) Any person, if that person's marriage has been pronounced void, annulled, or dissolved by a competent court; or
> >
> > (4) Any person, presently married, who believes, in good faith, and has reason to believe, that the marriage has been pronounced void, annulled, or dissolved by a competent court.
>
> Bigamy is a Class 6 felony.

SDCL 22-22A-1. A bigamous marriage is *void ab initio*, meaning that the marriage is "null and void from the beginning[.]" SDCL 25-1-8.[1] The terms "marriage" or "marry" are not defined in South Dakota's criminal statutes, but "marriage" is defined in SDCL Title 25, which addresses domestic relations. "Marriage is a

---

1. SDCL 25-1-8 provides:

   > A subsequent marriage contracted by any person during the life of a former husband or wife of such person with any person other than such former husband or wife, is null and void from the beginning, unless the former marriage has been annulled or dissolved, or unless such former husband or wife was absent and not known to such person to be living for the space of five successive years immediately preceding such subsequent marriage, or was generally reputed and was believed by such person to be dead at the time such subsequent marriage was contracted, in either of which cases the subsequent marriage is valid until its nullity is adjudged by a competent tribunal.

personal relation, between a man and a woman, arising out of a civil contract to which the consent of parties capable of making it is necessary. Consent alone does not constitute a marriage; it must be followed by a solemnization." SDCL 25-1-1.

[¶8.] Clements argues that because a bigamous marriage is *void ab initio* according to SDCL 25-1-8, he was never legally married the second time, and thus, it is legally impossible to prosecute him for bigamy. The trial court accepted this argument when it dismissed the information based on a failure to state a public offense. However, when we review statutes, we consider them in context. "'Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject.'" *Martinmaas*, 2000 S.D. 85, ¶ 49, 612 N.W.2d at 611 (quoting *Moss*, 1996 S.D. 76, ¶ 10, 551 N.W.2d at 17). "'Where statutes appear to be contradictory, it is the duty of the court to reconcile them and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable.'" *In re Collins*, 85 S.D. 375, 382, 182 N.W.2d 335, 339 (1970) (quoting *In re Heartland Consumers Power Dist.*, 85 S.D. 205, 221, 180 N.W.2d 398, 407 (1970)). *See also N. Cent. Inv. Co. v. Vander Vorste*, 81 S.D. 340, 345, 135 N.W.2d 23, 27 (1965).

[¶9.] Dismissing the information on the basis that bigamy is a legal impossibility nullifies the statute providing for criminal prosecution of bigamy. We construe statutes together to give legal effect to all of the provisions in the statutes. *See In re Collins*, 85 S.D. at 382, 182 N.W.2d at 339. When presented with similar cases, other courts have determined that legal impossibility cannot be a defense to bigamy. "In other words, civil statues rendering bigamous marriages *void ab initio*

do not exonerate defendants charged with bigamy[.]" *United States v. Ali*, 557 F.3d 715, 721 (6th Cir. 2009). In one such case, the Missouri Supreme Court held:

> [I]t is the appearing to contract a second marriage and going through the ceremony which constitutes the crime of bigamy; otherwise it could never exist in ordinary cases, as a previous marriage always renders null and void a marriage that is celebrated afterward by either of the parties during the lifetime of the other.

*State v. Eden*, 169 S.W.2d 342, 345-46 (Mo. 1943) (citation omitted). In another case, the North Carolina Supreme Court held that "[a] man takes a wife lawfully, when the contract is lawfully made. He takes a wife unlawfully, when the contract is unlawfully made—and this unlawful contract the law punishes." *State v. Patterson*, 24 N.C. (2 Ired.) 346, 356 (N.C. 1842).

[¶10.]        In addition, the Kansas Supreme Court noted, "[a]doption of the rule pronounced by the trial court would effectively erase the crime of bigamy from our law, an unreasonable interpretation and one clearly contrary to the specific legislative intent." *State v. Fitzgerald*, 726 P.2d 1344, 1347 (Kan. 1986). The court held that "when a person enters into a purported marriage contract or relationship at a time when the person already has a living spouse, the crime of bigamy has been committed." *Id.* In order to give meaning and effect to the enactment of SDCL 22-22A-1, which criminalizes bigamy, we adopt the view of the Kansas Supreme Court that bigamy is committed "when a person enters into a purported marriage contract or relationship at a time when the person already has a living spouse[.]" *Fitzgerald*, 726 P.2d at 1347.

## CONCLUSION

[¶11.]     We reverse the trial court's decision to dismiss the information against

Clements, and we remand for further proceedings.

[¶12.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and

WILBUR, Justices, concur.